THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* CHARLES J. CHESNUT, Defendant-Appellant.

Third District    No. 76-207

Opinion filed April 14, 1977.

Robert Agostinelli, of State Appellate Defender's Office, of Ottawa, for appellant.

Carl E. Hawkinson, State's Attorney, of Galesburg (Robert Hansen and James E. Hinterlong, both of Illinois State's Attorneys Association, of counsel), for the People.

Mr. JUSTICE ALLOY delivered the opinion of the court:

Defendant Charles J. Chesnut appeals from a judgment of the Circuit Court of Knox County, in which defendant was convicted of the crime of escape, and appeals also from the subsequent denial of defendant's motion to vacate and withdraw his guilty plea in the case. Defendant was sentenced to serve a term of not less than three nor more than nine years on the conviction.

On appeal in this court, defendant contends (1) that the trial court erred in appointing counsel (who had represented defendant Chesnut in his guilty plea) when such attorney represented defendant also on the motion to withdraw his guilty plea, and (2) that defense counsel failed to comply strictly with the provisions of Supreme Court Rule 604(d) (Ill. Rev. Stat. 1975, ch. 110A, par. 604(d)).

Defendant Chesnut was charged in an information with the offense of escape, in violation of section 31—6(a) of the Criminal Code of 1961 (Ill. Rev. Stat. 1975, ch. 38, par. 31—6(a)). From the record it is noted that on November 11, 1975, defendant, while incarcerated on a charge of rape, sawed through several bars at the Knox County Jail and escaped from the institution, together with three other individuals. All of the escapees were later captured and returned to the Knox County Jail.

On January 5, 1976, the Public Defender of Knox County was appointed to represent the defendant. On that same day, defendant entered into a negotiated plea of guilty to the offense of escape. Under the

terms of the negotiation, defendant was to receive a sentence on the escape charge of not less than three nor more than nine years in the penitentiary. A pending charge of rape against the defendant was to be nolle prossed. During the plea proceedings, the trial court admonished defendant of his rights and of the consequences of a guilty plea. Defendant stated that his guilty plea was voluntarily made, and that he was fully satisfied with the representation which was given to him by the public defender in the proceedings. The trial court accepted defendant's plea, and found that the plea was made voluntarily, and thereafter sentenced him to a term of three to nine years imprisonment.

On January 27, 1976, defendant wrote to the trial court, indicating his desire to file a motion to vacate his plea and have counsel appointed for him. Defendant's letter recited several grounds in support of this action, but did not refer in any manner to any dissatisfaction with his attorney. The trial court thereafter appointed the public defender to represent the defendant in the post-trial proceedings, and on February 19, 1976, a motion to withdraw defendant's guilty plea and set aside defendant's conviction was filed in the trial court. A hearing on defendant's motion was held on March 11, 1976. At the hearing defense counsel stated that he had been in touch with defendant to ascertain the grounds for the motion. The defense counsel also spoke with the defendant just prior to the hearing, and as a result, moved to amend the motion to set forth additional grounds. As presented to the trial court, the motion to withdraw defendant's plea was based on the grounds that (1) prior to the time defendant was allowed to plead guilty, he was confined in solitary confinement at the Knox County Jail, allegedly asserting that this made his guilty plea a product of duress; (2) during defendant's confinement he was denied access to law books; (3) all of this constituted cruel and unusual punishment; (4) defendant's prior confinement and later sentence imposed as a result of defendant's guilty plea constituted double jeopardy, and (5) defendant's confinement to the Knox County Jail, a condemned building, offered a defense to the charge of escape.

During the hearing on defendant's motion, defendant declined to make a statement to the court. After both the defense counsel and the prosecutor had presented their arguments to the trial court, defense counsel made the following statement:

> "The defendant has noted to me and I think this should go on the record for the purpose of preservation that I did not inform him prior to his guilty plea that any of the matters alleged in the petition or added to it by amendment today constituted a deprivation of his constitutional rights. I wish to have that placed in the record * * * to make sure that his rights at the present time are fully protected."

The trial court then determined that the grounds alleged in the motion were insufficient to allow withdrawal of defendant's guilty plea.

■■■ The first contention made by defendant on appeal in this court is that the trial court erred in appointing the same counsel to represent defendant on the motion to withdraw the guilty plea, when such counsel had also represented defendant on the entry of the guilty plea. In making this argument, defendant now emphasizes that his motion to withdraw was based partially on a claim of ineffective assistance of counsel. Supreme Court Rule 604(d) (Ill. Rev. Stat. 1975, ch. 110A, par. 604(d) provides in part:

> "No appeal from a judgment entered upon a plea of guilty shall be taken unless the defendant, within 30 days of the date on which sentence is imposed, files in the trial court a motion to withdraw his plea of guilty and vacate the judgment. * * * The trial judge shall then determine whether the defendant is represented by counsel and if the defendant is indigent and desires counsel, the trial court shall appoint counsel. * * *"

The appointment of counsel under Rule 604(d), while normally within the discretion of the trial court, should also assure representation of the defendant by counsel free from conflicting interests. In the instant case, however, defendant did not explicitly raise in the trial court his claim of ineffective assistance of counsel. While it is noted that the public defender stated to the trial court that he did not inform defendant, prior to the guilty plea, that the matters alleged in the motion to withdraw the guilty plea constituted a violation of defendant's rights, there is no indication that defendant advised the court or anyone that defendant was dissatisfied with the representation afforded him. Additionally, the grounds presented in defendant's motion to withdraw do not constitute a deprivation of defendant's rights. Defendant also makes no substantial claim as to innocence of the offense charged. In view of the record, therefore, we cannot conclude that the trial court erred in refusing to allow defendant's motion to withdraw his guilty plea.

■■ As we have noted, defendant also contends that the failure of the court to comply with certain requirements of Rule 604(d) constitutes reversible error. The Rule referred to provides in part:

> "The defendant's attorney shall file with the trial court a certificate stating that the attorney has consulted with the defendant either by mail or in person to ascertain his contentions of error in the entry of the plea of guilty, has examined the trial court file and report of proceedings of the plea of guilty, and has made any amendments to the motion necessary for adequate presentation of any defects in those proceedings."

In *People v. Samuels* (5th Dist. 1976), 42 Ill. App. 3d 642, 643-44, 356

N.E.2d 563, the Illinois Appellate Court stated that in cases involving Supreme Court Rule 651(c) (which is analogous to rule 604(d)), the filing of the certificate by defense counsel during the pendency of the appeal satisfies the rule, citing *People v. Harris* (1971), 50 Ill. 2d 31, 276 N.E.2d 327. The State, accordingly, citing cases which follow the rule in *People v. Harris*, has now filed a motion to amend the record in this appeal, by addition of a certificate of defendant's attorney sufficient to comply with Rule 604(d). The record in the instant case (unlike that in *People v. Samuels*, 42 Ill. App. 3d 642) indicates that defendant's counsel did communicate with the defendant to ascertain the grounds for the motion to withdraw and did actually make amendments to the motion at the time of the hearing. While strict compliance with Rule 604(d) would require that the certificate of attorney be filed in the trial court, we believe that we should follow the rule recited in the *Harris* case and permit the filing of the certificate in this court during the pendency of the appeal. (See also *People v. Evans* (4th Dist. 1977), 46 Ill. App. 3d 689, 361 N.E.2d 77.) Accordingly, we allow the State's motion to amend the record on the appeal, and, in the interest of judicial economy, are considering the certificate of attorney to have been properly filed in this case.

For the reasons stated, therefore, the judgment of the Circuit Court of Knox County is affirmed.

Affirmed.

STENGEL, P. J., and BARRY, J., concur.