THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.*
DONALD MILLER, Defendant-Appellant.

Third District No. 76-428

Opinion filed June 29, 1977.—Rehearing denied July 19, 1977.

Robert Agostinelli and Mark Burkhalter, both of State Appellate Defender's Office, of Ottawa, for appellant.

Michael M. Mihm, State's Attorney, of Peoria (James E. Hinterlong and John X. Breslin, both of Illinois State's Attorneys Association, of counsel), for the People.

Mr. JUSTICE SCOTT delivered the opinion of the court:

This is an appeal from the Circuit Court of Peoria County which sentenced Donald Miller, the defendant, to four terms in the penitentiary of not less than 1½ years nor more than 5 years, said sentences to be served concurrently. The sentences were imposed after the defendant pled guilty to three offenses of burglary and one offense of attempt burglary.

The defendant appeared in court with counsel and, pursuant to plea negotiations, tendered pleas of guilty to three burglary counts contained in an indictment and also a plea of guilty to a charge of attempt burglary contained in a criminal complaint. A theft charge against the defendant was dismissed.

After proper admonishments the court accepted the pleas of guilty tendered by the defendant.

A factual basis for the pleas disclosed that in one of the alleged burglaries the evidence would have shown that the defendant and two other individuals stripped a car without authority to do so, that they removed tires, a clock, instrument knobs, a C.B. radio, a radio antenna, and a spot light from the motor vehicle.

The factual basis for one of the other alleged burglaries disclosed that the evidence would show that the defendant removed a C.B. radio from a motor vehicle without the owner's permission.

A factual basis for the third alleged burglary disclosed that the evidence

would show that the defendant removed a sweater and some blue jeans from a motor vehicle without the owner's permission.

In regard to the attempt burglary charge, the factual basis for the defendant's plea of guilty disclosed that the evidence would show that he was seen prying open a window of a van without the owner's permission.

The defendant waived his right to a presentence report and, after a sentencing hearing during which no evidence in aggravation or mitigation was presented, the defendant was sentenced to the terms of imprisonment which we have previously referred to.

Subsequently the defendant filed a motion to vacate his guilty pleas, and in the hearing on this motion he was represented by the same counsel who had represented him during his plea negotiations. The sole basis for the defendant's motion to vacate his guilty pleas was that he had an alibi defense to the charges. This motion to vacate was denied and this appeal ensued.

The sole issue raised in this appeal is the defendant's contention that the trial court erred by appointing the same counsel to represent him in regard to his motion to withdraw his guilty pleas as represented him in his plea proceedings.

It is the defendant's contention that Supreme Court Rule 604(d) (Ill. Rev. Stat. 1975, ch. 110A, par. 604(d)), by its nature, mandates the appointment of different counsel for purposes of a motion to vacate a guilty plea rather than the counsel who represented him in the plea proceedings. It is the defendant's reasoning that different counsel should be appointed in order to preserve a potential ground for vacating a guilty plea, the potential ground being ineffective assistance of counsel. In support of his contention the defendant cites and relies on the case of *People v. Smith* (1967), 37 Ill. 2d 622, 230 N.E.2d 169. The case of *Smith* is concerned with a post-conviction-relief proceeding and in a pro se petition for post-conviction relief the petitioner specifically alleged that the assistant public defender who had represented him at trial had been incompetent for various reasons. Our supreme court held that under such circumstances the petitioner was entitled to be represented by different counsel in a hearing on his petition for post-conviction relief.

■■ In the instant case the defendant did not advise the court or anyone else that he was dissatisfied with the representation afforded him, and consequently we disagree with his contention that error was committed when the same counsel as represented him during the plea proceedings was appointed to represent him in the matter of his motion to withdraw his guilty pleas. See *People v. Chesnut* (1977), 47 Ill. App. 3d 324, 361 N.E.2d 1185.

We disagree with the defendant's theory that Supreme Court Rule 604(d), by its nature, mandates the appointment of different counsel to

represent him on his motion to withdraw his pleas of guilty instead of counsel who represented him in the plea proceedings.

The defendant asserts that the record *sub judice* demonstrates *"possible"* (emphasis added) grounds for his withdrawal of his guilty pleas to two of the charges of burglary and to the charge of attempt burglary. In his brief he states that *"it may be"* (emphasis added) that he was advised to plead guilty to the offense of burglary in cause No. 75CF4369 (where the factual basis disclosed that the evidence would show that tires, a clock, instrument knobs, C.B. radio, antenna and spotlight were removed from an automobile) and to burglary in cause No. 76CF2030 (where the factual basis for his plea would disclose that a C.B. radio had been removed from an automobile) and to attempt burglary in cause No. 76CF2830 (where the factual basis for his plea would disclose that he was seen prying open a window of a van). It is defendant's contention that his alleged acts, even if true, would not have constituted the offense of burglary (Ill. Rev. Stat. 1975, ch. 38, par. 19—1) since the burglary statute contains the language, "This offense shall not include the offenses set out in Section 4—102 of the Illinois Vehicle Code." The Illinois Vehicle Code (Ill. Rev. Stat. 1975, ch. 95½, par. 4—102(a)) provides that it is a misdemeanor offense for "[a] person, without authority to do so, to damage a vehicle or to remove any part or component of a vehicle."

The defendant would have this court find that he received ineffective assistance from his counsel during the plea proceedings because some of the offenses he committed could properly have been in the category of misdemeanors rather than felonies. We make no ruling or finding in regard to whether the defendant should have been prosecuted for misdemeanors or felonies because in the defendant's brief he acknowledges that the complete facts necessary for a proper evaluation of this question are not present. The defendant prefaces his argument that the record *sub judice* does demonstrate *"possible"* (emphasis added) grounds to arrive at a conclusion that he was represented by ineffective counsel. His brief further states that *"it may be"* (emphasis added) that he was advised to plead guilty to burglary when in fact he was guilty of a misdemeanor.

■■ The use of the words *"possible"* and *it may be,"* and the acknowledgement that the record fails to contain information necessary to determine the competency or lack of competency of counsel, place this court in a hazy hinterland where we would be compelled to surmise, speculate, and engage in guessing and conjecture if we were to attempt to garner support for his contention that he received ineffective assistance of counsel. As a court of review, our determination of issues must be based upon the record, and in the instant case we would consider facts not

appearing in the record if they were supported by an affidavit. No such affidavit has been filed, nor does the record support the defendant's tortuous effort to interpret the record so that it supports a finding that he received ineffective assistance of counsel.

For the reasons set forth, the judgment of the Circuit Court of Peoria County is affirmed.

Affirmed.

STENGEL, P. J., and ALLOY, J., concur.