THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. MELTARA THOMPSON, Defendant-Appellant.
Fourth District   No. 13900

Opinion filed July 5, 1977.

Richard J. Wilson, of State Appellate Defender's Office, of Springfield, for appellant.

Robert J. Bier, State's Attorney, of Quincy (Robert C. Perry and James G. Condon, both of Illinois State's Attorneys Association, of counsel), for the People.

Mr. PRESIDING JUSTICE STENGEL delivered the opinion of the Court:

Defendant, Meltara Thompson, appeals the order of the Circuit Court of Adams County denying his motion to withdraw a guilty plea and vacate judgment. Defendant's appointed attorney negotiated a guilty plea to a charge of attempt (armed robbery) in exchange for dismissal of charges on aggravated assault and burglary. The trial judge explained the nature of the charge, the defendant's right to plead not guilty and to

request a jury or bench trial, and the possible penalties which could be imposed. After making certain that there was a factual basis for the guilty plea and that the defendant understood the charge against him, the nature of the plea negotiations and the range of sentencing possibilities, the judge accepted his guilty plea.

The presentence report indicated the defendant was 17 years old and had been arrested for 16 prior juvenile offenses and various adult offenses, including the dismissed charges and a pending theft charge. The trial judge stated that he would disregard any juvenile incidents which were "adjusted at the station" in passing sentence. The judge considered, but rejected, the possibilities of probation and periodic imprisonment, which were recommended, respectively, by a probation officer and the defendant, and instead imposed a prison sentence of three to nine years for attempt (armed robbery). Defendant immediately moved to withdraw his guilty plea and vacate the judgment, and the court appointed the same attorney who had negotiated the plea to represent him on this motion.

Defendant, his attorney and the prosecutor were all present at the subsequent hearing on defendant's motion. Neither side presented any testimony, and the judge denied defendant's motion solely on the basis of the transcript of the hearing at which he pleaded guilty.

Defendant contends that the trial judge erred by not appointing a different attorney to represent him on his motion, that his attorney's failure to file a certificate of compliance with Supreme Court Rule 604(d) (Ill. Rev. Stat. 1975, ch. 110A, par. 604(d)) requires us to remand his case for a new hearing, and that his sentence was excessive. We believe these contentions are without merit and therefore affirm the judgment of the Circuit Court of Adams County.

To begin with, defendant misconstrues the effect of his failure to file a 604(d) certificate in the trial court. In this connection he relies on the case of *People v. Samuels* (5th Dist. 1976), 42 Ill. App. 3d 642, 356 N.E.2d 563, wherein the appellate court reversed a trial court's denial of defendant's motion to withdraw a guilty plea because of his attorney's failure to file a 604(d) certificate and the lack of any transcript from the hearing on this motion. While the lack of a transcript was central to the decision in *Samuels*, we are presently faced with a materially different set of facts. In our case, unlike *Samuels*, the record indicates that the defendant had sufficient time to discuss his case with counsel, that he was not coerced into pleading guilty and that he was given the opportunity to be heard in open court, but did not indicate any dissatisfaction with counsel. The record also shows, *inter alia*, that defendant's attorney objected to portions of the presentence report at the sentencing hearing, that it was he who suggested the motion to withdraw after his client moved the court

for an immediate appeal at the conclusion of sentencing, that defense counsel's motion raised multiple grounds for vacating the plea and that counsel obtained a writ of *habeas corpus ad testificandum* to insure his client's presence at the hearing on the motion to withdraw.

■■ Under these circumstances we think a 604(d) certificate could be filed during the pendency of the appeal. We approved of this procedure in *People v. Chesnut* (3d Dist. 1977), 47 Ill. App. 3d 324, 361 N.E.2d 1185, where the record showed that defense counsel communicated with the defendant to ascertain the grounds for the motion to withdraw and made amendments to the motion at the time of the hearing. Accordingly, the People should be and are hereby granted leave to obtain and file with the clerk of this court an appropriate certificate of appointed defense counsel.

In our view the rule of strict compliance stated in *Samuels* only operates where the record fails to disclose counsel's substantial compliance with the requirements of Rule 604(d). (See *People v. Norris* (1st Dist. 1977), 46 Ill. App. 3d 536, 361 N.E.2d 105.) In fact where "every function of trial counsel contemplated by the rule [is] performed," the failure to file any certificate, either in the trial court or during appeal, may be harmless error. (*People v. Evans* (4th Dist. 1977), 46 Ill. App. 3d 689, 690, 361 N.E.2d 77.) Accordingly, we do not think anything would be gained by remanding this case to the trial court for a new hearing on the motion to withdraw.

We also disagree with defendant that the trial court erred by failing to appoint different counsel to represent him on his motion. Defendant relies on the cases of *People v. Terry* (1970), 46 Ill. 2d 75, 262 N.E.2d 923, and *People v. Smith* (1967), 37 Ill. 2d 622, 230 N.E.2d 169, to support his claim that he was denied effective assistance of counsel. In *Terry*, the defendant pleaded guilty to a drug charge negotiated by the public defender, and was later represented by another public defender on a petition for post-conviction relief alleging, *inter alia*, ineffective assistance of counsel. In granting defendant relief the supreme court stated that the conflict of interest facing the public defender's office between its reputation and its duty to the defendant required the trial court to appoint counsel other than the public defender to represent defendant on his petition. *Smith* involved a similar situation except that the case went to trial.

■■ ■ Defendant's reliance is misplaced since, unlike *Terry* and *Smith*, he did not allege ineffective assistance of counsel as a basis for his motion. Defendant, however, contends that the trial court, by appointing the same attorney who negotiated his plea to draft the motion, precluded any allegation of ineffective assistance of counsel. This argument is without merit.

Supreme Court Rule 604(d) (Ill. Rev. Stat. 1975, ch. 110A, par. 604(d)) provides in part:

"The trial judge shall then determine whether the defendant is represented by counsel and if the defendant is indigent and desires counsel, the trial court shall appoint counsel." The rule contains no provision regarding who shall be appointed to represent defendant in the event that he files a motion to withdraw his guilty plea. However, in *People v. Chesnut* (3d Dist. 1977), 47 Ill. App. 3d 324, 361 N.E.2d 1185, we held that the appointment of counsel under Rule 604(d), while largely a matter of discretion, should assure defendant adequate representation of counsel free from conflicting interests. Aside from defendant's failure to raise the issue in his motion, he did not personally communicate any displeasure over counsel's performance to the judge although he had an opportunity to do so. In fact, defendant's motion appears to stem from his displeasure with the sentence which was imposed since it was made immediately after that sentence. In any event, we think the bare assertion in defendant's brief that client and attorney somehow maintained antagonistic positions is speculative and unsupported, and therefore insufficient to raise a conflict of interest question requiring reversal of the trial judge's order. (*Cf. People v. McCasle* (1966), 35 Ill. 2d 552, 221 N.E.2d 227.) Since no conflict of interest has been demonstrated, it follows that the judge did not abuse his discretion under Rule 604(d) by appointing the same attorney to represent defendant on his motion.

■■ Defendant's final contention is that his sentence is excessive. We note that this issue was raised by his motion to withdraw the guilty plea, and for this reason we will review it. However, we will not disturb a sentence which is within the limits prescribed in the Criminal Code unless it is greatly at variance with the purpose or spirit of the law. (*People v. Sprinkle* (1974), 56 Ill. 2d 257, 307 N.E.2d 161, *cert. denied* (1974), 417 U.S. 935, 41 L. Ed. 2d 239, 94 S. Ct. 2650.) Section 8—4(c)(2) of the Criminal Code of 1961 (Ill. Rev. Stat. 1975, ch. 38, par. 8—4(c)(2)) provides that the sentence for attempt to commit a Class 1 felony (armed robbery) shall not exceed the sentence for a Class 2 felony. Section 5—8—1(b)(3) of the Unified Code of Corrections (Ill. Rev. Stat. 1975, ch. 38, par. 1005—8—1(b)(3)) provides a maximum indeterminate sentence of any term in excess of one year not exceeding 20 years for a Class 2 felony. The sentence of three to nine years imposed on the defendant is clearly within the prescribed limits of the statute, and absent an abuse of discretion we will not modify the trial court's sentence. (*People v. Hesler* (2d Dist. 1976), 39 Ill. App. 3d 843, 350 N.E.2d 748.) Here the trial judge considered all possible sentences, including probation and periodic imprisonment, and arrived at a sentence after giving due consideration to the seriousness of the offense and the character and history of the defendant. Obviously, there was no abuse of discretion. The sentence

imposed on defendant was consistent with the spirit and purpose of the law, and under such circumstances we are unable to conclude that it is excessive.

Accordingly, the judgment of the Circuit Court of Adams County is affirmed.

Affirmed.

BARRY and SCOTT, JJ., concur.