THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* TONY McCLAIN, Defendant-Appellant.

Third District   No. 76-430

Opinion filed July 15, 1977.

Robert Agostinelli and Mark W. Burkhalter, both of State Appellate Defender's Office, of Ottawa, for appellant.

Michael M. Mihm, State's Attorney, of Peoria (James E. Hinterlong and Robert M. Hansen, both of Illinois State's Attorneys Association, of counsel), for the People.

Mr. JUSTICE SCOTT delivered the opinion of the court:

This is an appeal from the Circuit Court of Peoria County which after receiving and accepting pleas of guilty from Tony McClain, the defendant, to five counts of unlawful delivery of a controlled substance (heroin) sentenced the defendant to five concurrent terms of not less than five nor more than 20 years in the penitentiary.

After being sentenced the defendant indicated that he desired to file a motion to vacate his guilty pleas pursuant to Supreme Court Rule 604(d). (Ill. Rev. Stat. 1975, ch. 110A, par. 604(d).) The trial court appointed the same counsel who represented the defendant throughout the plea proceedings to represent him in regard to his motion to vacate. Counsel for the defendant filed the motion to vacate and after hearing thereon it was denied. Counsel for the defendant did comply with Supreme Court Rule 604(d) by filing a certificate.

The sole issue raised in this appeal is whether the trial court erred by appointing the same counsel to represent the defendant in his motion to withdraw his guilty pleas as represented him in the plea proceedings.

In considering this issue raised by the defendant we should at the outset note that he concedes that the record in this case is barren of any allegations that the guilty pleas were entered because of ineffective assistance of counsel. Further the defendant makes no claim that some matter outside the record presents a question concerning ineffective assistance of counsel.

This court was recently confronted by the precise issue raised by the

defendant in this case in the case of *People v. Chestnut* (1977), 47 Ill. App. 3d 324, 361 N.E.2d 1185. In *Chestnut* this court held that where the defendant did not advise the court or anyone that he was dissatisfied with the representation afforded him, and made no substantial claim as to innocence of the offense charged, the trial court did not err in appointing the same counsel to represent the defendant on his motion to withdraw his guilty plea as had represented him on the entry of the plea, nor were grounds shown for withdrawal of the plea. See *People v. Chestnut* (1977), 47 Ill. App. 3d 324, 361 N.E.2d 1185.

In examining the defendant's brief it is abundantly clear that no grounds exist, either of record or *dehors* the record, upon which the issue raised by the defendant could be in any way supported because of ineffective assistance of counsel. The defendant in pleadings before this court stated that there was *only a possibility* of ineffective assistance of counsel.

■■  The defendant is requesting this court to engage in speculation or conjecture and that we will not do, because it is not the function or the duty of a court of review to determine abstract propositions.

For the reasons set forth the judgments of the circuit court of Peoria County and the sentences imposed thereon are affirmed.

Affirmed.

STENGEL, P. J., and BARRY, J., concur.