THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* DONALD BLACK, Defendant-Appellant.

First District (4th Division)   No. 77-260

Opinion filed December 1, 1977.

James Geis and Kathy M. Morris, both of State Appellate Defender's Office, of Chicago, for appellant.

Bernard Carey, State's Attorney, of Chicago (Laurence J. Bolon, Myra J. Brown, and William G. Pileggi, Assistant State's Attorneys, of counsel), for the People.

Mr. JUSTICE LINN delivered the opinion of the court:

Defendant, Donald Black, appeals from an order of the circuit court of Cook County, denying his motion to withdraw his pleas of guilty and to vacate judgment thereon. Defendant contends that (1) the trial court erred in denying his motion to vacate the pleas without affording him assistance of counsel in the preparation of the motion; and (2) the trial court erred in denying his motion without holding a hearing on the allegations contained therein.

We reverse and remand for further proceedings.

I

On February 27, 1976, defendant, represented by an assistant public defender, pleaded guilty to three complaints charging him with driving with a revoked driver's license. After a hearing in aggravation and mitigation, defendant was sentenced to a term of 9 months in the Illinois Department of Corrections. The sentence was in accordance with the State's recommendation that other pending traffic charges be stricken with leave to reinstate. The trial court informed defendant that he had a right to appeal, but that a motion to vacate was a prerequisite. (Ill. Rev. Stat. 1975, ch. 110A, par. 604(d).) The court further informed defendant that the court would appoint counsel to represent him if he was indigent.

At that time, defendant made no response.

Within 30 days of his guilty pleas, defendant contacted the Office of the State Appellate Defender, requesting assistance in appealing his conviction. Leo Ranachowski, the senior investigator in that office, delivered several forms to defendant at the House of Correction. On March 18, 1976, defendant executed a sworn motion to vacate his pleas of guilty, in which he alleged that he did not have "fair representation with the public defender, State's Attorney and arresting officers," and that he thought he was to receive probation upon his guilty pleas. Ranachowski took this motion to his office to be mailed. Inadvertently, the motion was mailed to the wrong address and was lost. However, the Office of the State Appellate Defender contacted the trial judge about the mistake and the latter set the case on his call for May 13, 1976. The Office of the State Appellate Defender informed the clerk of the court that it could not represent defendant on his motion and requested that counsel be appointed. Defendant was also informed to this effect.

The memorandum order of May 13, 1976, recites that the motion to vacate the pleas of guilty and to modify the sentence was denied. There is no indication that defendant was represented by counsel or that any type of a hearing was held. On appeal, the Office of the State Appellate Defender represents defendant.

## II

■■ Defendant's first contention is that the trial court failed to appoint counsel to represent him on his motion to vacate his guilty pleas. Rule 604(d) requires that where the motion to vacate is presented to the trial judge, he shall determine whether defendant is represented by counsel or shall appoint counsel if necessary. (Ill. Rev. Stat. 1975, ch. 110A, par. 604(d).) Since any issue not raised in the motion to vacate is deemed waived, we believe fundamental fairness requires that the defendant be afforded a full opportunity to explain his allegations and that he have assistance of counsel in preparing the motion to vacate. *People v. Moore* (1976), 45 Ill. App. 3d 570, 359 N.E.2d 1065. See also *People v. Parks* (1977), 54 Ill. App. 3d 967, 369 N.E.2d 1373.

The State argues that the record does not contain a report of proceedings of the hearing on the motion, the consequence of which is to prevent this court from reviewing the issue. The State urges that where the record is incomplete, this court should indulge every reasonable presumption favorable to the judgment, order or ruling appealed from, including the presumption that the trial court ruled correctly. However, we find this argument unpersuasive because the record appears to be complete. The record does not indicate that a hearing was held.

■■ The State concedes that defendant is entitled to assistance of

counsel in the preparation of his motion to withdraw a guilty plea, but alternatively argues that the actions of the State Appellate Defender, in assisting defendant to prepare the motion, amounted to sufficient representation. We disagree. Defendant's only contact with a lawyer in this regard was a letter from an assistant State Appellate Defender informing him that the Office of the State Appellate Defender could not represent him. Defendant did not receive any legal assistance from the Office of the State Appellate Defender in the preparation of the substance of the motion or in the presentation of the motion to the court. The record does not reflect that any attorney consulted with the defendant to ascertain his contentions of error. Nor does it indicate that any attorney ever examined the trial court file and report of proceedings of the guilty plea hearing to ascertain if any amendment to defendant's motion was necessary to afford defendant adequate representation. Ill. Rev. Stat. 1975, ch. 110A, par. 604(d).

We recognize that defendant's *pro se* motion contains contentions which appear to be conclusory and without merit when viewed against the trial court's plea hearing which was thorough and fair. Nevertheless, the requirement remains that defendant be represented by counsel at this critical state of the proceedings. We also note that defendant's second allegation that he was promised probation in return for his guilty pleas might require development by counsel by way of affidavit that Supreme Court Rule 604(d) envisaged. See Ill. Rev. Stat. 1975, ch. 110A, par. 604(d).

Defendant's second contention is that the trial court erred in not holding an evidentiary hearing on the motion. Because this case will be remanded, we note that allegations of error going to the propriety of the plea proceedings do not automatically require an evidentiary hearing. Defendant must plead factual allegations sufficient to demonstrate the need for such a hearing. *People v. Norris* (1977), 46 Ill. App. 3d 536, 361 N.E.2d 105.

### III

We follow the recent decision of *People v. Norris* (1977), 46 Ill. App. 3d 536, 361 N.E.2d 105, and remand the cause and direct the trial court to appoint counsel. Thereafter counsel will file a certificate of compliance in accord with Rule 604(d) as a condition precedent to the court ruling on the motion to vacate the guilty pleas. The trial court may then determine the need for an evidentiary hearing. We further note that our requirement that counsel file a certificate of compliance is not to be construed as conflicting with the holding of *People v. Norris* (1977), 46 Ill. App. 3d 536, 361 N.E.2d 105, that substantial compliance with the certificate requirement is acceptable in some cases.

■■ We decline to follow defendant's suggestion that counsel other than the public defender be appointed to represent him. We do not believe that defendant's allegation that he was denied "fair court representation" by the public defender is sufficient to raise a claim of ineffective assistance of counsel. (See *People v. Miller* (1977), 49 Ill. App. 3d 1026, 364 N.E.2d 747; *People v. Chesnut* (1977), 47 Ill. App. 3d 324, 361 N.E.2d 1185; *cf. People v. Norris* (1977), 46 Ill. App. 3d 536, 361 N.E.2d 105.) However, we do not intend to obviate the discretion of the trial court to appoint other counsel should a compelling reason develop for such action. *People v. Purvis* (1977), 48 Ill. App. 3d 813, 363 N.E.2d 455.

Accordingly, the order of the circuit court of Cook County, denying defendant's motion to withdraw his guilty pleas and vacate judgment is reversed, and the cause remanded for further proceedings consistent with this opinion.

Reversed and remanded with directions.

JOHNSON and ROMITI, JJ., concur.