THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* JAMES THOMPSON, Defendant-Appellant.

First District (4th Division)   No. 77-961

Opinion filed February 2, 1978.

Ralph Ruebner and John T. Maher, both of State Appellate Defender's Office, of Chicago, for appellant.

Bernard Carey, State's Attorney, of Chicago (Lee T. Hettinger, Linda Ann Miller, and Marva W. Cohen, Assistant State's Attorneys, of counsel), for the People.

Mr. PRESIDING JUSTICE JOHNSON delivered the opinion of the court:

James Thompson, defendant, was represented by the public defender of Cook County when he entered a negotiated plea of guilty to armed robbery (Ill. Rev. Stat. 1975, ch. 38, par. 18—2). Defendant was sentenced to a term of 5 to 10 years in the penitentiary. He subsequently filed a timely request that the plea be withdrawn and the judgment entered thereon be vacated, pursuant to Supreme Court Rule 604(d). (Ill. Rev. Stat. 1975, ch. 110A, par. 604(d).) Other counsel was thereafter appointed, and he filed a formal motion under that Rule and later filed an amendment to the formal motion seeking to set aside defendant's guilty plea. After an extensive evidentiary hearing before the same judge who had accepted the plea of guilty, the motion was denied. Defendant's only contention on this appeal is that the cause must be remanded for a new hearing for failure of his appointed counsel to file a certificate of attorney as required by Supreme Court Rule 604(d).

■■ Supreme Court Rule 604(d) requires in pertinent part that appointed counsel shall file with the trial court a certificate stating that counsel has conferred in person or by mail with the defendant to ascertain his contentions of error in the entry of the plea, that he has examined the court file and transcript in the change of plea proceedings, and that he has made any amendments to the motion to vacate which are necessary to adequately present any defects in the proceedings. (Ill. Rev. Stat. 1975, ch. 110A, par. 604(d).) Strict compliance with the filing requirement is unnecessary where the record discloses that counsel has in fact performed the functions required by Rule 604(d), in which event the failure to file a certificate reflecting such action will be considered harmless error. (See *People v. Thompson* (1977), 50 Ill. App. 3d 51, 365 N.E.2d 255.) Moreover, this court's recent opinion in *People v. Parks* (1977), 54 Ill. App. 3d 967, 369 N.E.2d 1373, clearly suggests a similar conclusion.

■■ The instant record discloses that counsel appointed to represent defendant on the motion to vacate the plea of guilty performed all functions required under Rule 604(d). The documents filed by counsel

demonstrate that counsel consulted with defendant, in that a signature of defendant was obtained in counsel's presence and matters were alleged in the documents which could have come only from personal contact with defendant. These documents further demonstrate that counsel amended the original request to vacate the judgment by deleting one ground for relief urged by defendant and adding two others. And these documents, together with the questions propounded by appointed counsel at the hearing on the motion, clearly demonstrate that counsel was thoroughly familiar with the proceedings at the change of plea. We conclude that appointed counsel's failure to have filed a formal certificate pursuant to Supreme Court Rule 604(d) was harmless error. *Thompson*, at 54; *People v. Parks*.

Accordingly, the judgment of the circuit court of Cook County is affirmed.

Affirmed.

DIERINGER and LINN, JJ., concur.