THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* ROBERT PAGE JONES, Defendant-Appellant.

Third District   No. 78-442

Opinion filed July 24, 1979.—Rehearing denied August 24, 1979.

John D. McFetridge and Lawrence E. Johnson, both of Lawrence E. Johnson and Associates, of Champaign, for appellant.

Robert J. Renkes, State's Attorney, of Morrison (John X. Breslin and Terry A. Mertel, both of State's Attorneys Appellate Service Commission, of counsel), for the People.

Mr. JUSTICE STENGEL delivered the opinion of the court:

Defendant pleaded guilty to aggravated battery in the Circuit Court of Whiteside County. He was sentenced to one year of periodic

imprisonment and fined $10,000. On appeal defendant raises several claims of error, none of which are of merit. We affirm.

Defendant, a dentist, was initially charged with sexually assaulting one of his female patients after administering an anesthetic substance, nitrous oxide, to her. Pursuant to plea negotiations, defendant, with privately retained counsel, pleaded guilty to a lesser offense of aggravated battery on January 4, 1978. A factual basis for the plea was presented to the trial court. The facts indicated that during the evening hours of July 6, 1977, the victim went to the defendant's office complaining of an impacted wisdom tooth. Defendant administered nitrous oxide to the victim, and while she was under the influence of that anesthetic substance, he engaged in an act of oral copulation with her. Defendant admitted he administered the substance for other than medical reasons, and he pleaded guilty to a violation of section 12—4(c) of the Criminal Code of 1961 (Ill. Rev. Stat. 1977, ch. 38, par. 12—4(c)) which provides:

> "A person who administers to an individual or causes him to take, without his consent or by threat or deception, and for other than medical purposes, any intoxicating, poisonous, stupefying, narcotic or anesthetic substance commits aggravated battery."

Defendant was properly admonished under Supreme Court Rule 402, and he said he understood the nature of the charge against him and the consequences of his plea.

A sentencing hearing was held on March 27, 1978, and on April 6, defendant filed a motion to withdraw his plea. The motion was denied after a hearing on June 2, 1978. A motion to reconsider was filed in October 1978, and denied without a hearing.

On appeal defendant first contends the trial court erred in accepting his guilty plea because it was not intelligently and voluntarily made. At the plea hearing defendant said he understood the charge against him and the consequences of his plea, but he notes the death of his wife several days before the plea hearing and the adverse publicity surrounding the crime charged, and claims these factors placed such an emotional strain on him that he was, in fact, incapable of intelligently entering a guilty plea.

■■■ This claim was not raised in defendant's motion to vacate his plea, and it was therefore waived. (Ill. Rev. Stat. 1977, ch. 110A, par. 604(d).) But, even considering the substance of the claim, we find it to be without merit. Ordinarily any person entering a plea of guilty to a serious offense is under an emotional strain. Defendant in this case is a well-educated man of intelligence. The trial court fully advised him of the nature of the charge against him and the rights he would waive by entering a guilty plea. Defendant said he understood the charge and wished to waive his rights. The record reveals a written waiver of a jury trial duly executed by

both defendant and his counsel. He admitted in open court the essential element of the offense charged and did not object to the factual basis for the plea as recited by the prosecuting attorney. Defendant suggests that, had the case gone to trial, he might have been able to raise worthy defenses to the charges against him. However, the fact defendant may have misjudged the strength of the State's case does not render his plea invalid. (*People v. O'Connor* (1976), 37 Ill. App. 3d 310, 345 N.E.2d 520.) We believe the trial court properly accepted defendant's guilty plea, which was intelligently and voluntarily made.

■ Defendant next contends the trial court erred in denying the motion to vacate his plea. We do not agree. The motion filed on April 6, 1978, alleged that the sentence imposed on defendant was excessive, that the trial court failed to properly advise defendant of the consequences of his plea, and that defendant had information indicating the victim had committed perjury at the sentencing hearing. As previously stated, the record clearly indicates defendant was properly admonished in accordance with Supreme Court Rule 402 (Ill. Rev. Stat. 1977, ch. 110A, par. 402). The sentence imposed is within the prescribed limits for the offense charged and is justified by the nature of the offense and the history and character of the defendant. (Ill. Rev. Stat. 1977, ch. 38, par. 1005—8—1.) Although a full hearing was held on defendant's motion, he offered no evidence of the victim's alleged perjury. We believe the motion to vacate was properly denied.

■ Defendant further contends that reversible error was committed by the trial court's failure to afford him a preliminary hearing on the charge against him. We note from the record that the State elected to proceed by information on January 3, 1978, and the very next day the defendant by agreement was arraigned and entered his plea of guilty. In addition, the defendant did not raise this issue in the trial court and by entering a plea of guilty, he waived all nonjurisdictional defects, including the failure to hold a preliminary hearing. (*People v. Mahle* (1974), 57 Ill. 2d 279, 312 N.E.2d 267; *People v. Davis* (1973), 13 Ill. App. 3d 44, 299 N.E.2d 777.) Defendant also suggests the information charging him was defective because it was based on the State's Attorney's "reasonable information and belief," rather than on a positive oath. Our supreme court considered the same argument in *People v. Audi* (1979), 75 Ill. 2d 535, 389 N.E.2d 534, and held that an information verified on the State's Attorney's information and belief is sufficient.

■ Finally, defendant claims his trial counsel misled him to believe he was pleading guilty to a charge other than that to which he actually entered his plea. Defendant did not raise this issue in his motion to vacate, but did raise it in a motion to reconsider filed by new counsel more than six months after he was sentenced. We believe the claim is meritless. At

the plea hearing, the court fully advised defendant of the charge against him, and the defendant said he understood it and had thoroughly discussed it with his attorney. Defendant said he understood the charge to mean "[t]hat I administered an anesthetic substance nitrous oxide," and he admitted he administered the substance for purposes other than medical. The record reflects no misunderstanding on defendant's part. The trial court did not abuse its discretion in denying the motion to reconsider.

For the foregoing reasons, the judgment of the Circuit Court of Whiteside County is affirmed.

Affirmed.

BARRY and SCOTT, JJ., concur.