THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* REGINALD TAYLOR, Defendant-Appellant.

First District (5th Division) No. 80—3261

Opinion filed December 10, 1982.

Steven Clark and Scott Graham, both of State Appellate Defender's Office, of Chicago, for appellant.

Richard M. Daley, State's Attorney, of Chicago (Michael E. Shabat, Joel A. Stein, and Daniel E. Jordan, Assistant State's Attorneys, of counsel), for the People.

JUSTICE LORENZ delivered the opinion of the court:

Following his entry of a guilty plea, defendant was found guilty of two counts of armed robbery (Ill. Rev. Stat. 1979, ch. 38, par. 18—2) and was sentenced to a term of eight years in the Illinois Department of Corrections.

He appeals, contending that (1) he was denied effective assistance of counsel where the public defender representing him failed to advise him that a plea of guilty waived the right to appeal the trial court's denial of a motion to suppress; (2) he was denied his right to representation by counsel free from conflicting interests where the same attorney represented him on his motion to vacate his guilty plea; (3) he did not enter a knowing and voluntary plea of guilty; and (4) the trial court erred in denying his motion to vacate his plea of guilty where counsel failed to file a certificate pursuant to Supreme Court Rule 604(d) (73 Ill. 2d R. 604).

Material to our disposition are the following facts.

Defendant was charged by information with two counts of armed robbery (Ill. Rev. Stat. 1979, ch. 38, par. 18—2).

An assistant public defender was appointed to represent defendant. Defendant filed a motion to suppress the identification testimony, alleging that the pretrial identification procedures employed by the police were unduly suggestive.

On August 14, 1980, a hearing was held on defendant's motion to

suppress. The following pertinent evidence was adduced at the hearing on the motion.

Rev. and Mrs. Lawrence Harris were the victims of an armed robbery on February 12, 1980. Officer Patrick Foley testified that both he and his partner, Officer James Capesius, went to their home on February 16 for the purpose of interviewing them and showing them photos in regard to the robbery.

After showing the Harrises approximately 50 photos without any identification resulting, the police officers contacted Robert Johnson, a witness to the robbery. Johnson had seen defendant in the area over a period of years and from time to time would "say hello to him." The police officers showed Johnson a stack of 30 or 40 photos which differed from those originally viewed by the Harrises, and he made a positive identification of defendant. Returning to the Harris home later that afternoon, the officers showed them nine photos which included the defendant's.

Officer Foley further testified that the Harrises were separated when viewing the photos, but were in the same room and could hear the conversation of each other. He stated that when Mrs. Harris came to defendant's picture she said, "That's the man."

Octavia Harris testified that she was the victim of an armed robbery on February 12, 1980, at Ridgeway and Chicago Avenues in Chicago, Illinois. She stated that the police officers did not tell her that they thought the suspect might be in the second group of photos; however, they did inform her that Johnson had picked out one of the men in the photos they were showing her.

She further testified that she later viewed a lineup of five suspects while alone in a room at the police station with one of the police officers with her. She identified defendant after two or three minutes without the investigators directing her to identify him. Prior to the lineup, she had neither seen nor confronted the defendant in the police station.

Lawrence Harris testified that on February 16, 1980, the police officers arrived at his home with nine or 10 photos which did not contain defendant's photograph. They returned 2½ hours later with a "nice stack" of photos from which he made an identification of defendant. He identified a photograph of defendant from this group and did not know at the time which photograph had been previously identified by his wife. He further stated that the police did not tell him that a suspect might be in the group of photos.

The police gave the Harrises a ride to the police station and told him they thought the suspect would be in the lineup. He was not with

his wife when he made an identification of defendant after three or four minutes; the policeman with him did not say anything to him during that time.

Robert Johnson testified that he identified defendant's photo in a stack of photos supplied by the police on February 16, 1980. He told the police that he recognized the defendant from seeing him over a period of years on the street and in the same area.

Following the hearing, the court denied defendant's motion to suppress identification and motion for discharge.

Defendant requested a conference on his change of plea and a hearing was held on November 13, 1980.

The trial court advised defendant of the possible consequences of the conference and defendant stated that he understood them. Following the conference, defendant informed his counsel and the court that he wanted to change his plea to guilty. The record reveals that the court admonished him pursuant to Supreme Court Rule 402(a) and defendant indicated that he understood each admonishment.

Defendant then stipulated that on February 12, 1980, while armed with a handgun, he committed the offense of armed robbery against Mr. and Mrs. Lawrence Harris at 711 North Ridgeway Avenue in Chicago, Illinois.

The trial court entered a finding of guilty on each count, and defendant was sentenced to two concurrent terms of eight years imprisonment pursuant to the plea negotiation conference. Defendant was thereupon notified of his right to appeal and the requirement for a motion to vacate the guilty plea prior to an appeal.

Subsequently, the assistant public defender prepared, filed and argued defendant's motion to withdraw the guilty plea. An examination of the record indicates that this motion does not contain any allegation of ineffective representation of counsel. The trial court denied defendant's motion to vacate his guilty plea and he appeals.

OPINION

We initially consider defendant's argument that he was denied his sixth and fourteenth amendment rights to effective assistance of counsel where his appointed counsel failed to inform him that by pleading guilty, he waived his right to appeal the trial court's denial of his motion to suppress identification. We do not agree.

At the outset, we note that failure to raise an issue in the motion to vacate a guilty plea waives its consideration on appeal (73 Ill. 2d R. 604(d); *People v. Jones* (1979), 74 Ill. App. 3d 243, 392 N.E.2d 973), and we find that defendant's failure to raise any allegation of ineffec-

tive assistance of counsel at the hearing on his motion to vacate the guilty plea operates as a waiver of the issue on appeal.

Nonetheless, in view of the several Federal constitutional rights which are involved in the waiver that takes place when a plea of guilty is entered in a State criminal trial (*Boykin v. Alabama* (1969), 395 U.S. 238, 23 L. Ed. 2d 274, 89 S. Ct. 1709), we will address the merits of the defendant's case on appeal.

The majority rule, adopted in the Federal courts and in almost every State including Illinois,[1] is that a valid plea of guilty waives review of all errors not jurisdictional in nature. (*People v. Dunn* (1972), 52 Ill. 2d 400, 288 N.E.2d 463; *People v. Sullivan* (1979), 72 Ill. App. 3d 533, 391 N.E.2d 241.) It has often been stated that since a conviction after a guilty plea is not based on any evidence, but on the plea itself, no review of an essentially evidentiary ruling can affect the outcome of an appeal. Sachs, *Appellate Review of Pre-Trial Motions Following Conviction on a Plea of Guilty*, 69 Ill. B.J. 480 (1981).

Here, however, defendant has not attacked the evidentiary ruling but the validity of his plea of guilty itself, on the basis of inadequate representation by defense counsel. We acknowledge defendant's right to effective assistance of counsel in his trial pursuant to the guidelines set forth in *Gideon v. Wainwright* (1963), 372 U.S. 335, 9 L. Ed. 2d 799, 83 S. Ct. 792, and *Argersinger v. Hamlin* (1972), 407 U.S. 25, 32 L. Ed. 2d 530, 92 S. Ct. 2006, and we agree that a denial of that right would require that his conviction in this case be set aside. *People v. Morris* (1954), 3 Ill. 2d 437, 445, 121 N.E.2d 810.

In *People v. Husar* (1974), 22 Ill. App. 3d 758, 764, 318 N.E.2d 24, however, the appellate court held that a determination that a defendant was denied effective assistance of counsel can be made only if his court-appointed counsel was incompetent, and as a result, that defendant was substantially prejudiced, citing *People v. Harper* (1969), 43 Ill. 2d 368, 253 N.E.2d 451.

■ Thus, in Illinois, the test for determining competence of both appointed and retained counsel was enunciated by the court in *People v. Brimmer* (1978), 60 Ill. App. 3d 214, 218, 376 N.E.2d 337, wherein the court stated: "To establish a denial of one's constitutional right to a fair trial because of incompetency of counsel, a defendant must clearly establish not only actual incompetence, but also that substan-

---

[1]. We note, however, that New York and California have enacted statutes which preserve the defendant's right to appeal the denial of certain pretrial motions even after a guilty plea. N.Y. Crim. Proc. Law sec. 710.70(2) (McKinney 1971); Cal. Penal Code sec. 1538.5(m) (Deering 1982).

tial prejudice resulted therefrom. (*People v. Logue* (1970), 45 Ill. 2d 170, 258 N.E.2d 323.) Further, the resulting prejudice must have been sufficient to affect the outcome of the trial. \*\*\* Moreover, the fact that defense counsel did not take action that he arguably might have, does not establish incompetency of counsel *in the absence of a showing that such action would have produced evidence affecting the guilt or innocence of the accused. People v. Goines* (1974), 20 Ill. App. 3d 1055, 314 N.E.2d 193." (Emphasis added.)

In the present case, the record reveals that appointed counsel timely filed a motion to suppress identification prior to defendant's entry of a plea of guilty, and subsequently filed a motion to vacate the guilty plea. While defendant's motion to suppress identification could arguably have been preserved by virtue of a tactical decision to plead not guilty in a stipulated bench trial, we have consistently held that mistakes of strategy will not serve to render counsel's representation of accused in violation of constitutional requirements. *People v. Shestiuk* (1978), 59 Ill. App. 3d 296, 376 N.E.2d 56.

Moreover, the record in the present case is devoid of any allegation that defendant's guilty plea is based on ineffective assistance of counsel, and, in particular, does not reveal whether or not appointed counsel informed defendant that a plea of guilty waived all nonjurisdictional errors for purposes of appeal. A criminal conviction will not be reversed because of conjectural or speculative conflicts of interest which are envisioned for the first time on appeal. *People v. McCasle* (1966), 35 Ill. 2d 552, 556, 221 N.E.2d 227.

In the absence of a showing on appeal that any action on the part of appointed counsel would have affected the guilt or innocence of the accused, we accordingly find that defendant was afforded effective assistance of counsel.

■ We next address defendant's contention that he was denied his right to representation by counsel free from conflicting interests because the trial court did not appoint different counsel to represent defendant at the hearing on his motion to vacate the guilty plea, allegedly in violation of Supreme Court Rule 604(d) (73 Ill. 2d R. 604(d)).

Rule 604(d) provides in pertinent part: "No appeal from a judgment entered upon a plea of guilty shall be taken unless the defendant, within 30 days of the date on which sentence is imposed, files in the trial court a motion to withdraw his plea of guilty and vacate the judgment \*\*\*. The trial judge shall then determine whether the defendant is represented by counsel and if the defendant is indigent and desires counsel, the trial court shall appoint counsel."

The appointment of counsel under Rule 604(d), while normally within the discretion of the trial court, should also assure representation of the defendant by counsel free from conflicting interests. *People v. Chesnut* (1977), 47 Ill. App. 3d 324, 361 N.E.2d 1185.

In *Chesnut*, as here, the defendant did not advise the court or anyone that he was dissatisfied with the representation afforded him, and made no substantial claim as to innocence of the offense charged. The *Chesnut* court found that the trial court did not err in appointing the same counsel to represent the defendant on his motion to withdraw his guilty plea as had represented him on the entry of the plea, where there were no grounds shown for withdrawal of the plea.

A similar decision was reached in *People v. McClain* (1977), 50 Ill. App. 3d 182, 184, 365 N.E.2d 1154, where the court noted that the defendant in pleadings before the court had alleged only a possibility of ineffective assistance of counsel. Finding that no grounds existed, either of record or *dehors* the record, which would support a finding of ineffective assistance of counsel, the court stated: "The defendant is requesting this court to engage in speculation or conjecture and that we will not do, because it is not the function or the duty of a court of review to determine abstract propositions." *People v. McClain* (1977), 50 Ill. App. 3d 182, 365 N.E.2d 1154.

With these principles in mind, and absent any indication that defendant advised the court or anyone that he was dissatisfied with the representation afforded him, or of any substantial claim as to innocence, we conclude that defendant was not denied his right to representation by counsel free from conflicting interests.

█ Next, defendant argues that he did not enter a knowing and voluntary plea of guilty where, following the denial of his motion to suppress, the trial court failed to admonish him that by pleading guilty he waived his right to appeal denial of that motion.

Illinois Supreme Court Rule 402(a) provides: "In hearings on pleas of guilty, there must be substantial compliance with the following: (a) Admonitions to Defendant. The court shall not accept a plea of guilty without first, by addressing the defendant personally in open court, informing him of and determining that he understands the following: (1) the nature of the charge; (2) the minimum and maximum sentence prescribed by law, ***; (3) that the defendant has the right to plead not guilty, *** or to plead guilty; and (4) that if he pleads guilty there will not be a trial of any kind, so that by pleading guilty he waives the right to a trial by jury and the right to be confronted with the witnesses against him." 73 Ill. 2d R. 402.

The purpose of this rule is to make an affirmative showing, in the

record, that a defendant voluntarily and understandingly enters his plea of guilty before it is accepted in accordance with the guidelines established by the Supreme Court in *Boykin v. Alabama* (1969), 395 U.S. 238, 23 L. Ed. 2d 274, 89 S. Ct. 1709, and to give visibility to the plea agreement process. *People v. Miller* (1972), 2 Ill. App. 3d 851, 277 N.E.2d 898.

Citing *People v. Doyle* (1960), 20 Ill. 2d 163, 167, 169 N.E.2d 250, the court in *People v. Torres* (1972), 7 Ill. App. 3d 395, 399, 287 N.E.2d 487, stated: " '[T]he remarks and advice of the court must be read in a practical and realistic manner. The essentials have been complied with if an ordinary person in the circumstances of the accused would understand them as conveying the information required by the rule.' \*\*\*. While the *Doyle* case referred to the predecessor of Supreme Court Rule 402 [*i.e.*, Rule 401(b)], the same principle is applicable."

Turning again to defendant's argument on appeal, he reasons that since a plea of guilty was entered under a mistaken belief that he could appeal the ruling on the motion, the plea was neither knowingly nor voluntarily entered. We find that these contentions are not supported by statute or case law.

In the present case, a careful examination of the record demonstrates that the defendant was given the required admonishments by the trial court as to the nature of the charge, the minimum and maximum sentence, and the waiver of trial. Following each admonishment, the court inquired of him, "Do you understand?" and he responded "Yes."

Illinois law is clear that Supreme Court Rule 402 requires only substantial, and not literal, compliance with its precepts (*People v. Campbell* (1973), 13 Ill. App. 3d 237, 300 N.E.2d 568), and every deviation from strict compliance with Rule 402 does not require reversal where the record shows that the plea of guilty was voluntarily and understandingly entered by a defendant who, as is the case here, was under no disability, is no stranger to criminal prosecution, and who has never claimed that the plea bargaining agreement was not honored. *People v. Cresson* (1975), 30 Ill. App. 3d 540, 332 N.E.2d 150.

We find it evident from the record that defendant was properly advised by the court in substantial compliance with Supreme Court Rule 402, and, further, that the court did not commit reversible error in failing to advise defendant of all the possible consequences from a plea of guilty.

Accordingly, we conclude that defendant entered a knowing and voluntary plea of guilty.

 Lastly, we consider defendant's argument that the trial court erred when it denied defendant's motion to vacate his guilty plea where counsel had failed to file a formal certificate in strict compliance with Supreme Court Rule 604(d) (73 Ill. 2d R. 604).

Rule 604(d) provides in relevant part: "(d) Appeal by Defendant from a Judgment Entered upon a Plea of Guilty. *** The defendant's attorney shall file with the trial court a certificate stating that the attorney has consulted with the defendant either by mail or in person to ascertain his contentions of error in the entry of the plea of guilty, has examined the trial court file and report of proceedings of the plea of guilty, and has made any amendments to the motion necessary for adequate presentation of any defects in those proceedings."

Although we do not approve of counsel's failure to file the certificate either in the trial court or on the appellate level, Illinois courts have held that strict compliance with the filing provision of Rule 604(d) is not necessary where the record reveals that counsel has performed all the functions required by the rule. (*People v. Hopson* (1981), 101 Ill. App. 3d 564, 428 N.E.2d 680.) In such a case, the failure to file the certificate will be viewed as harmless error. *People v. Lange* (1978), 59 Ill. App. 3d 603, 605, 375 N.E.2d 919; *People v. Thompson* (1978), 57 Ill. App. 3d 100, 101, 372 N.E.2d 1105.

· We find an analogous situation to the case at bar exists in *People v. Thompson* (1977), 50 Ill. App. 3d 51, 365 N.E.2d 255, where the defendant argued that his attorney's failure to file a certificate of compliance with Supreme Court Rule 604(d) (58 Ill. 2d R. 604(d)) required the court to remand his case for a new hearing. There, the record indicated, *inter alia*, that defendant had sufficient time to discuss his case with counsel, that he was not coerced into pleading guilty, and that he was given the opportunity to be heard in open court and did not indicate any dissatisfaction with counsel. Finding that the rule of strict compliance stated in *People v. Samuels* (1976), 42 Ill. App. 3d 642, 365 N.E.2d 563 (wherein the appellate court reversed a trial court's denial of defendant's motion to withdraw a guilty plea because of his attorney's failure to file a Rule 604(d) certificate and the lack of any transcript from the hearing on this motion), would only operate where the record failed to disclose counsel's substantial compliance with the requirements of Rule 604(d), the court held that defendant's contention was without merit.

We find the reasoning employed in *People v. Thompson* (1977), 50 Ill. App. 3d 51, 365 N.E.2d 255, to be applicable to the case at bar.

Here, the record demonstrates that defendant was afforded representation by appointed counsel, who filed a motion for discovery and a

motion to suppress identification, represented defendant at the plea negotiation conference and at the hearing of defendant's plea of guilty, and filed a motion to withdraw the guilty plea. We find it evident from the record that there was substantial compliance with Rule 604(d) where, as here, "every function of trial counsel contemplated by the rule was performed." (*People v. Evans* (1977), 46 Ill. App. 3d 689, 690, 361 N.E.2d 77.) Under these facts counsel's failure to file the certificate as required by Supreme Court Rule 604(d) was harmless error.

For the foregoing reasons, the judgment of the circuit court of Cook County is affirmed.

Affirmed.

SULLIVAN, P.J., and WILSON, J., concur.