(No. 39790.—

The People of the State of Illinois, Appellee, *vs.* Curtis A. Smith, Jr., Appellant.

*Opinion filed September 29, 1967.*

Ward, J., took no part.

Cordell J. Overgaard, of Chicago, appointed by the court, for appellant.

William G. Clark, Attorney General, of Springfield, and John J. Stamos, State's Attorney, of Chicago, (Fred G. Leach, Assistant Attorney General, and Elmer C. Kissane and James A. Stamos, Assistant State's Attorneys, of counsel,) for the People.

Mr. Justice Kluczynski delivered the opinion of the court:

Petitioner, Curtis Smith, filed a *pro se* petition in the circuit court of Cook County for a hearing under the Post-Conviction Hearing Act (Ill. Rev. Stat. 1965, chap. 38, art. 122) to review his conviction upon pleas of guilty to indictments charging him with rape, robbery, and assault with intent to commit rape. The trial court sustained the State's motion to dismiss the petition and the cause is now before us on direct appeal from that dismissal.

Since it is our opinion that this cause be reversed and remanded for a new hearing, the following are the only facts and allegations we need set forth here. Petitioner's *pro se* petition alleged, *inter alia,* that his counsel at trial, an assistant public defender, was incompetent for various assigned reasons. Upon the filing of this petition the trial court appointed the public defender of Cook County to represent petitioner in the post-conviction proceedings. Thereafter petitioner moved to vacate this appointment and for the appointment of counsel other than the public defender.

A hearing was held before the trial court ostensibly to determine the propriety of petitioner's above motion. Present at that hearing was an attorney from the public defender's office, other than the one who represented petitioner at trial, and an assistant State's Attorney who had previously moved to dismiss the petition. When the motion for change of attorneys was presented, the court inquired as to the nature of the allegations in the petition and the appointed attorney accordingly summarized the allegations for the court. Subsequently, without hearing any additional evidence the court dismissed the petition and then denied the motion to appoint other counsel.

While we reassert that under the Post-Conviction Hearing Act there is no absolute right to appointment of non-public-defender counsel, and that such appointment is within the discretion of the trial court (*People* v. *Ashley,* 34 Ill.2d 402; *People* v. *Gray,* 33 Ill.2d 349, *cert.* denied, 384

U.S. 718, 16 L. Ed. 2d 881), in our judgment, under the circumstances present here, the petitioner was entitled to be represented at the hearing on his petition by appointed counsel other than the public defender. We have previously recognized the disadvantages, both to petitioner and the public defender's office, in having a representative from that office present petitioner's cause when his petition is based in part upon charges of incompetent representation afforded him at trial by the public defender. (*People* v. *Ashley*.) This circumstance clearly confronts the public defender's office with a conflict of interest since, on one hand, its natural inclination would be to protect its reputation by defending against the charges of incompetency while, on the other hand, its duty as an advocate is to aid petitioner in establishing the veracity of these charges. This conflict-of-interest situation should be avoided and the petitioner be appointed counsel other than the public defender to represent him at a new hearing on his petition.

In view of the foregoing, we find it unnecessary to consider the merits of petitioner's substantive allegations. The judgment is reversed and the cause remanded for further proceedings consistent with the views herein expressed.

*Reversed and remanded.*

Mr. JUSTICE WARD took no part in the consideration or decision of this case.