(No. 41764.–

THE PEOPLE OF THE STATE OF ILLINOIS, Appellee,
v. PERCY L. BOSTON, Appellant.

*Opinion filed September 30, 1971.*

W. ELBERT WASHINGTON, of Chicago, appointed by the court, for appellant.

WILLIAM J. SCOTT, Attorney General, of Springfield, and EDWARD V. HANRAHAN, State's Attorney, of Chicago, (JAMES B. ZAGEL, Assistant Attorney General, and ROBERT A. NOVELLE and ARTHUR BELKIND, Assistant State's Attorneys, of counsel,) for the People.

MR. CHIEF JUSTICE UNDERWOOD delivered the opinion of the court:

In 1966 Percy Boston filed a post-conviction petition in the Cook County circuit court seeking relief from 1964 convictions on pleas of guilty to rape and robbery. The Public Defender was appointed to represent him, the State moved to dismiss and, after argument, the petition was dismissed. No appeal was taken. Nearly two years later defendant filed a motion entitled "Motion To Vacate Order Sustaining State's Motion to Dismiss, and for Appointment of Counsel." The Public Defender was again appointed, and the motion subsequently dismissed following a hearing at which defense counsel's presentation was limited to stating "I stand on the petition." This appeal followed.

While a considerable amount of the argument presented here is devoted to the question of whether defendant's motion is properly characterized as a petition under the Post-Conviction Hearing Act (Ill.Rev.Stat. 1967, ch. 38,

art. 122) or a motion for relief under section 72 of the Civil Practice Act (Ill.Rev.Stat. 1967, ch. 110, par. 72), we are concerned with a more fundamental problem. The motion alleged *inter alia* that the Public Defender appointed to represent defendant "failed to amend the petition to protect petitioner's rights," and "failed to substantially oppose the State's motion to dismiss." While the original post-conviction petition does not appear of record in this appeal, it is apparent that the Public Defender stated at the hearing thereon that that petition also charged that defendant should have been given a competency hearing, and was sentenced to a term greater than that which he had been informed he would receive.

While the motion was not detailed sufficiently to warrant an evidentiary hearing, it clearly questioned the competency of the Public Defender's representation of defendant in connection with the post-conviction petition. It is impossible to determine from the material before us whether facts supporting that contention, or any of the others, actually exist, but neither can we eliminate the possibility that they may. While those allegations are clearly factually insufficient to establish post-conviction counsel's incompetency, they do serve to make apparent the impropriety of the appointment of the Public Defender whose duty it may well have been to reshape those allegations so as to allege the incompetency of his office.

We accordingly reverse the judgment dismissing the "Motion to Vacate" and remand the cause with directions to appoint counsel other than the Public Defender and for such further proceedings as may be appropriate. *People v. Polansky, 39 Ill.2d 84; People v. Raymond, 42 Ill.2d 564.*
*Reversed and remanded, with directions.*