(No. 51670

THE PEOPLE OF THE STATE OF ILLINOIS, Appellant, v. HUGH EDWARD WALTON, Appellee.

*Opinion filed November 21, 1979.—Rehearing denied February 1, 1980.*

198

William J. Scott, Attorney General, of Springfield, and Ronald C. Dozier, State's Attorney, of Bloomington (Melbourne A. Noel, Jr., and Orisha Kulick, Assistant Attorneys General, of Chicago, and Robert J. Biderman and Marc D. Towler, of the State's Attorneys Appellate Service Commission, of Springfield), for the People.

Richard J. Wilson, Deputy Defender, and Don L. Johnson, Assistant Defender, of the Office of the State Appellate Defender, of Springfield, for appellee.

MR. JUSTICE CLARK delivered the opinion of the court:

The defendant, Hugh Edward Walton, was convicted of murder after a jury trial in the circuit court of McLean County on May 23, 1968. On direct appeal, the conviction was affirmed, but the cause was remanded for correction of an error regarding the date the sentence would commence. (118 Ill. App. 2d 324.) At trial and on direct appeal the defendant was represented by the public defender of McLean County, Donald B. Mackay. In 1972 the defendant wrote a letter to the appellate court requesting that counsel be appointed to represent him in pursuing Federal *habeas corpus* or State post-conviction proceedings. The letter was referred to the circuit court of McLean County, which appointed the public defender of McLean County, Marvin H. Gesell, who had succeeded Mackay in office. Gesell filed a post-conviction petition. A hearing was held, at which testimony from two witnesses was heard. At the conclusion of the hearing, the court denied relief to the defendant. Subsequently, on appeal to the appellate court from the denial of post-conviction relief, the defendant raised the issue that he was denied the effective assistance of counsel when the circuit court appointed the public defender of McLean County to represent him in the post-conviction proceeding. The defendant contended that because he based his right to post-conviction relief on the ground that his trial counsel

had been incompetent, his counsel in the post-conviction proceeding was laboring under a conflict of interest. The appellate court agreed, with one justice dissenting, reversed the order of the trial court, and remanded the cause for further proceedings on the post-conviction petition. (66 Ill. App. 3d 913.) We granted the State's petition for leave to appeal.

The issue to be decided is whether a conflict of interest is created when a public defender, while representing a defendant in a post-conviction hearing, alleges that his predecessor in office rendered ineffective assistance to the defendant. The defendant contends that a *per se* rule should be adopted in these circumstances because of the potential for conflict due to the affiliation both attorneys had with the public defender's office. See *People v. Fife* (1979), 76 Ill. 2d 418.

We do not think that there is a *per se* conflict of interest in this case. In *People v. Fife* we held that a conflict of interest was created when an attorney who served as a special assistant Attorney General for workmen's compensation cases had represented a criminal defendant and the defendant had not exercised a knowing waiver of his right to object. We based that holding on the premise that the attorney's employment with the State would create the appearance of a conflict when she, as defense counsel, would have to oppose the State. In the face of such an apparent conflict of interest, we would not require the defendant to present evidence demonstrating that actual prejudice did result. (76 Ill. 2d 418, 424.) The instant case is decidedly different. The successor public defender is not affiliated with an opposing party so as to raise the immediate appearance of a conflict. Rather, Gesell is merely the successive holder of the same office as Mackay. No appearance of conflict is automatically raised by virtue of the fact that both attorneys had an affiliation with the same office, though at different times. Therefore, no *per se* rule should be invoked.

The second contention of the defendant is that, even if no *per se* conflict of interest is created, an actual conflict of interest exists in this case because the successor public defender was alleging that his predecessor had rendered ineffective legal assistance to the defendant. The defendant argues that *People v. Smith* (1967), 37 Ill. 2d 622, is directly applicable. *Smith,* however, is not in point. In *Smith*, a conflict of interest was found to exist where an assistant public defender alleged in a post-conviction petition that another assistant public defender had incompetently represented the defendant. This court said:

> "This circumstance clearly confronts the public defender's office with a conflict of interest since, on one hand, its natural inclination would be to protect its reputation by defending against the charges of incompetency while, on the other hand, its duty as an advocate is to aid petitioner in establishing the veracity of these charges." (37 Ill. 2d 622, 624.)

There the two assistant public defenders were simultaneously employed in the administration of the public defender of Cook County. As was stated, an attorney would have a "natural inclination" to insulate the office he worked for against charges of incompetence because the charges would reflect adversely upon him as well as upon his coworkers. The conflict of interest is very real in such a situation. But in this case there is no comparable "natural inclination." The defendant contends that a successor public defender would be naturally inclined to protect the reputation of his predecessor, even though it has not been shown that there is any connection between the two attorneys whatsoever. We do not agree. There is no reasonable basis to assume that a successor in office will strive to justify the actions of his predecessor, especially when to do so would be in derogation of the attorney's obligation to render effective legal assistance to his client. We think the dissent in the appellate court to be

particularly apt:

"Moreover, the record is equally barren of any evidence that the successor public defender either (1) rejected out of hand all of the policies and actions of his predecessor, or (2) was ready to defend to the death each and every one of them. To say that one attorney will blindly adopt everything that another did is an assumption that flies in the face of human experience and the nature of lawyers. If it were true, Chief Justice Warren would simply have parrotted Chief Justice Hughes.

Once the principle of the majority is accepted (*i.e.*, that protecting the reputation of the office is of more importance than representing the client), the degrees admit of no limit. Any former public defender, any former State's Attorney or any former assistant of either would be barred from areas of criminal practice. And what of a sitting judge who may have been a defender or prosecutor in the past? Will he be disqualified from hearing post-conviction petitions because of his former association?" 66 Ill. App. 3d 913, 917.

We note that another case in this court found "persuasive" the argument that a present public defender was confronted with a conflict of interest when he represented a defendant in a post-conviction proceeding where the incompetent representation of his predecessor was at issue. (*People v. Stoudt* (1970), 45 Ill. 2d 118, 120.) That case was decided upon other grounds, however. Therefore, the statement in that case was unsupported *dicta.*

In any event, we find to be much more logically persuasive the assumption that a successor public defender owes no allegiance to his predecessor but, rather, owes an obligation to represent his client effectively, which, in the absence of contrary evidence, was fulfilled. The defendant

has advanced the contention that the successor public defender labored under a conflict of interest as the only basis for the charge that he was ineffectively represented in the post-conviction proceeding. We conclude that this contention lacks merit. While it was not necessary, we have reviewed the record of the post-conviction proceeding as well, and find that the public defender did vigorously represent the defendant. He persistently pursued the two witnesses whose testimony the former public defender had allegedly ignored. He subpoenaed both witnesses and elicited their testimony at the hearing. He argued to the court that his predecessor should have introduced into evidence the testimony of the two witnesses to establish grounds for voluntary manslaughter. The court eventually denied relief on the basis that the predecessor public defender could have made a tactical decision not to elicit the testimony because, in doing so, the defendant would have to admit that he killed the victim. No evidence of ineffective representation is revealed on this record.

Since we have decided that no conflict of interest exists, we need not discuss the State's contention that the defendant has waived his right to object to the appointment of the public defender.

Accordingly, for the reasons stated, we reverse the judgment of the appellate court and affirm the judgment of the circuit court.

*Appellate court reversed;*
*circuit court affirmed.*