THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* CLYDE NEELY, Defendant-Appellant.

First District (1st Division)    No. 79-711

Opinion filed June 23, 1980.

Ralph Ruebner and Steven Clark, both of State Appellate Defender's Office, of Chicago, for appellant.

Bernard Carey, State's Attorney, of Chicago (Marcia B. Orr, Mary Ellen Dienes, and Armand L. Andry, Assistant State's Attorneys, of counsel), for the People.

Mr. PRESIDING JUSTICE GOLDBERG delivered the opinion of the court:

Defendant was convicted by a jury of murder. On direct appeal he was represented by the office of the public defender of Cook County, and his conviction was affirmed.[1] Thereafter, defendant filed a *pro se* post-

---

[1] Defendant's conviction was affirmed by a Rule 23 order on April 5, 1976 (1st Dist. No. 61545).

conviction petition and the office of the public defender was appointed to represent him. Counsel, however, sought to withdraw from the post-conviction proceedings asserting that a conflict of interest existed because defendant would claim incompetency of the office of the public defender on direct appeal for not raising the issue of defendant's fitness to stand trial.[2]

The trial court denied counsel's motion to withdraw and thereafter denied the supplemental post-conviction petition without an evidentiary hearing. On appeal, defendant asserts that the trial court erred in failing to appoint counsel other than the office of the public defender to represent him in the trial court on the post-conviction matter since a conflict of interest existed.

Examination of this court's records (see *People v. Jordan* (1978), 61 Ill. App. 3d 117, 119, 377 N.E.2d 1123) shows that on direct appeal two assistant public defenders prepared defendant's brief. Another assistant public defender thereafter represented defendant in the trial court on the post-conviction matter.

In support of his present position that counsel other than from the public defender's office should have represented him in the post-conviction proceedings in the trial court, defendant cites several decisions of our supreme court. These cases have held that, generally, counsel other than the public defender should be appointed in post-conviction proceedings when the competency of the public defender's prior action on behalf of a defendant is called into question. *People v. Brittain* (1972), 52 Ill. 2d 91, 284 N.E.2d 632; *People v. Boston* (1971), 49 Ill. 2d 335, 274 N.E.2d 8; *People v. Terry* (1970), 46 Ill. 2d 75, 262 N.E.2d 923; *People v. Smith* (1967), 37 Ill. 2d 622, 230 N.E.2d 169; see also *People v. Norris* (1977), 46 Ill. App. 3d 536, 361 N.E.2d 105.

Recently, our supreme court has considered representation of defendants by members of the office of the public defender. *People v. Robinson* (1979), 79 Ill. 2d 147, 402 N.E.2d 157, generally considered the question if an accused would be denied the effective assistance of counsel when he was represented by an attorney from the public defender's office, and it was shown that another attorney in the public defender's office was disqualified from representing the accused because of a conflict of interest. The supreme court noted that the Cook County public defender's office had nearly 300 lawyers, and the court went on to state that, even if a conflict of interest existed with one appointed counsel, it did not have to hold "that the individual attorneys who comprise the staff

---

[2] If incompetency could be shown, it would militate against the application of waiver or *res judicata* in reaching the merits of defendant's post-conviction claim. See *People v. Frank* (1971), 48 Ill. 2d 500, 503-04, 272 N.E.2d 25.

of a public defender are members of an entity which should be subject to the rule that if one attorney is disqualified by reason of a conflict of interest then no other member of the entity may continue with the representation." (79 Ill. 2d 147, 158-59.) The court in *Robinson* found the commentary of the American Bar Association to be instructive:

> " 'Those who have studied voluntary and public defender offices have concluded that the inbred adversary tendencies of the lawyers are sufficient protection. * * * In the sphere of private representation and in institutionalized prosecution offices many of these risks are present in some degree. Here, too, the innate competitive instincts of an advocate and the integrity of the bar is society's protection.' " 79 Ill. 2d 147, 159.

Also, in *People v. Walton* (1979), 78 Ill. 2d 197, 399 N.E.2d 588, the supreme court was confronted with a situation where the issue presented was whether a conflict of interest was created when the present public defender represented a defendant in post-conviction proceedings, and the claim advanced was that counsel's predecessor in office incompetently handled defendant's trial. The supreme court concluded that there was a persuasive assumption that present counsel owed no allegiance to his predecessor, and counsel would properly represent defendant in the post-conviction matter absent a showing to the contrary.

In both *Robinson* and *Walton* reference was made to *People v. Smith*, heretofore cited by defendant. In *Smith* an assistant public defender represented defendant at trial, and another assistant public defender represented him during the post-conviction proceedings where the claim was made that trial counsel was incompetent. The supreme court found that a conflict of interest confronted the public defender's office, "since, on one hand, its natural inclination would be to protect its reputation by defending against the charges of incompetency while, on the other hand, its duty as an advocate is to aid petitioner in establishing the veracity of these charges." (37 Ill. 2d 622, 624.) However, *Smith* was limited strictly to the facts it presented, and, as hereinafter, evidence has been construed to be applied in limited circumstances.

■■ *Robinson* and *Walton* basically stand for the general proposition that not in every situation will representation by the office of the public defender be precluded based on an averment of a conflict of interest allegedly caused by another member of the public defender's office. We believe that the circumstances of this case dictate the conclusion that representation of defendant at the post-conviction proceedings by an assistant public defender was not improper.

Our conclusion is buttressed by *People v. Miller* (1980), 79 Ill. 2d 454, 404 N.E.2d 199, which relied on *People v. Smith* in stating:

"Rather than applying a *per se* rule, thereby disqualifying an entire public defender's office whenever one of its members is confronted with a conflict, a case-by-case inquiry is contemplated whereby it is determined whether any facts peculiar to the case preclude the representation of competing interests by separate members of the public defender's office. See, *e.g., People v. Smith* (1967), 37 Ill. 2d 622." 79 Ill. 2d 454, 462.

The record in the present case shows that during the post-conviction proceedings in the trial court defendant's appointed counsel corresponded and visited with defendant as well as read the trial record in order to fully appreciate any basis for a claim of a constitutional violation of defendant's rights. (Ill. Rev. Stat. 1977, ch. 110A, par. 651(c).) Appointed counsel then filed two supplemental post-conviction petitions and the trial record for consideration of defendant's claims. As developed by the supplemental petitions these claims raised questions of defendant's competency to stand trial, the failure to conduct a hearing on the issue, and appellate counsel's incompetency to raise the issue of defendant's mental condition to stand trial on direct review. The supplemental post-conviction petitions also questioned the competency of defendant's private trial counsel because he failed to produce psychiatric testimony on behalf of defendant as noted in his opening statement to the jury[3] and because he did not move to suppress defendant's confession.

During argument on the post-conviction petition, the trial court observed that no *bona fide* question existed concerning defendant's competency to stand trial, and several psychiatric examinations prior to trial had concluded that defendant was competent. Further, the court stated that defendant was represented at trial by a private attorney who was experienced and thoroughly knowledgeable in criminal defense matters.

■■ The record completely refutes any possible charge that the assistant public defender representing defendant did not vigorously pursue defendant's claim of incompetency against other members of the public defender's office. The record shows that defendant was afforded proper representation. The trial court's judgment denying post-conviction relief will be affirmed.

Judgment affirmed.

McGLOON and O'CONNOR, JJ., concur.

---

[3] Such allegation is not indicative of incompetency. *People v. Steel* (1972), 52 Ill. 2d 442, 452, 288 N.E.2d 355.