THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.*
VERNON JACKSON, Defendant-Appellant.

First District (1st Division)    No. 80-2104

Opinion filed September 21, 1981.

Ralph Ruebner and Phillip J. Zisook, both of State Appellate Defender's Office, of Chicago, for appellant.

Richard M. Daley, State's Attorney, of Chicago (Michael E. Shabat, Casimir Bartnik, and John D. Cecilian, Assistant State's Attorneys, of counsel), for the People.

Mr. JUSTICE GOLDBERG delivered the opinion of the court:

After a jury trial, Vernon Jackson (defendant) was found guilty of armed robbery and armed violence. He was sentenced to eight years. He appeals.

In this court defendant contends closing argument by the prosecutor was unduly prejudicial; defendant did not receive effective assistance of counsel during trial; the trial judge failed to appoint other counsel for defendant at the sentencing hearing and the trial court should have conducted a hearing on incompetence of defense counsel.

Defendant raises no issue on the sufficiency of the evidence to sustain his conviction beyond reasonable doubt. However, we will summarize the facts.

John Harris, the complainant, 63 years old and a retired janitor, entered the vestibule of his apartment building about 8:45 p.m. on December 29, 1979. He was returning from a neighborhood liquor store where he had purchased a 6-pack of Budweiser beer in 16 ounce cans and a pint of Old Taylor whiskey. He was carrying these items in a paper bag. The ceiling light in the vestibule was on. As he was about to open the inner door, a man (later identified as Henry Lockhart, not a party to this appeal) pushed him up against the mail boxes and put a knife to his throat. Harris later described this man to the police as 5 feet 9 inches tall, stout, weight about 180 pounds, 30 to 35 years old, wearing a green knitted cap, dark trousers and coat.

A second man approached, searched Harris and took his wallet with three or four single dollar bills and a cigarette lighter. This second man, identified in court by Harris as the defendant, was described as 5 feet 9 inches tall, about 38 years old, weight 130 pounds. Harris had these men in view for three or four minutes. The men seized the bag he had been carrying and ran out to a parked car.

Harris followed. Outside he saw a neighbor named Mark. They watched the car drive south to 48th Street and then west. Harris and Mark ran through the alley and saw the automobile again. They noted the license number. Harris ran home and called the police. They arrived in four or five minutes. Harris gave them the license number. He entered the police car, and they drove about for a short time.

They noticed the other car parked in an A & P lot. The police took the occupants of this car into custody. Harris identified the two men. There was also a woman in the car whom he did not know. A police officer identified the defendants in court. The license number of this car was DS 5490, the number previously supplied to the police. In the car the police found six cans of Budweiser beer, each 16 ounces, of which four were intact and two were open and empty. A knife found between the two front seats of the car was identified in court by Harris as the knife

held against his throat. Defendant was found in possession of three $1 bills which were inventoried by the police.

In our opinion, this uncontradicted evidence is sufficient to prove the defendant guilty as charged beyond any reasonable doubt. We will consider the contentions of the defendant in order.

I

In final argument the prosecutor told the jury, "Now we know what happened to the whiskey. * * * They had been drinking the beer. The whiskey was gone. The wallet was ditched, we know that. There's no money in there. We don't keep a man's identification."

The prosecutor also said to the jury that the woman found in the car at the time of the arrest, "was in the car waiting while her two friends went in and did this armed robbery." The prosecutor also said the defendant "had the same dollar bills."

■■ We find no reversible error in any or all of these statements. Defendant's counsel in effect invited these arguments by the prosecution. Defense counsel brought out on cross-examination and in his final argument that the whiskey and the wallet were described as missing but they were not in the defendant's possession when he was arrested. Defense counsel also mentioned the woman in his closing argument. This had the tendency of raising the inference that the defendants were not the people who committed the robbery but were simply innocent persons sitting in a car together. In situations where defense counsel has invited statements by the prosecutor, the defense cannot rely upon these very statements as error. *People v. Vriner* (1978), 74 Ill. 2d 329, 344, 385 N.E.2d 671, *cert. denied* (1979), 442 U.S. 929, 61 L. Ed. 2d 296, 99 S. Ct. 2858.

In *People v. Olejniczak* (1979), 73 Ill. App. 3d 112, 121-22, 390 N.E.2d 1339, this court held:

"In view of the overwhelming evidence against defendant, these remarks, even if improper, constituted harmless error beyond a reasonable doubt. In addition, the court instructed the jury to consider only the evidence presented and that closing arguments are not evidence, so that any statements made in argument not based on the evidence should be disregarded. (Illinois Pattern Jury Instructions, Criminal, No. 1.01 and No. 1.03 (1968) * * *.) Such instructions have been held to cure any possible prejudice from a prosecutor's improper remarks in closing argument. [Citation.]"

We see no error in prosecution comment upon a subject, "if that subject is proved either by direct evidence or is fairly inferable from facts and circumstances proved. An argument based upon the facts appearing in proof or on the legitimate inferences deducible therefrom is proper." (*People v. Garza* (1981), 92 Ill. App. 3d 723, 730, 415 N.E.2d 1328.) In the

case before us, the uncontradicted testimony of the complainant and of the police officer, the identification of defendant all strongly corroborated by the license number and location of the automobile and the type and nature of its contents made these inferences by the prosecutor reasonable inferences. The fact that the dollar bills were "the same" is similarly a permissible inference. In effect, all dollar bills are "the same."

In addition, combining all of these defense arguments, we cannot say that they have sufficient substance to be considered plain error. No objection to these remarks was made by counsel for the defendant. (See *People v. Carlson* (1980), 79 Ill. 2d 564, 576, 404 N.E.2d 233.) None of these alleged or all combined errors are so substantial as to be considered plain error. Of even greater importance, we cannot say that the verdict herein would "have been otherwise had the improper remarks not been made." (*People v. Jackson* (1981), 84 Ill. 2d 350, 360, 418 N.E.2d 739.) Also we cannot say that these remarks resulted "in substantial prejudice to the accused." See *People v. Baptist* (1979), 76 Ill. 2d 19, 29, 389 N.E.2d 1200.

## II

■■ On the issue of competence of trial counsel, defendant raises an often rejected argument that the courts of Illinois should abandon their established test of competency of counsel and should instead adopt a "minimum standard of professional representation" in accordance with the decision in *United States ex rel. Williams v. Twomey* (7th Cir. 1975), 510 F.2d 634, 641. This frequently-made suggestion has been rejected by our supreme court not only in *People v. Murphy* (1978), 72 Ill. 2d 421, 438, 381 N.E.2d 677, but also in subsequent cases such as *People v. Haywood* (1980), 82 Ill. 2d 540, 543, 413 N.E.2d 410, and *People v. Greer* (1980), 79 Ill. 2d 103, 120-21, 402 N.E.2d 203. In *Haywood,* the supreme court held (82 Ill. 2d 540, 543-44):

> "In order to establish that an appointed counsel was so ineffective and incompetent as to deprive the defendant of his right to counsel, it must be established that counsel was actually incompetent in the performance of his duties and that substantial prejudice resulted from such incompetency, without which the results of the trial would have been different. [Citations.] However, if the alleged incompetency is a matter of trial tactics or strategy, which are purely matters of professional judgment, such allegations cannot support a claim of ineffective representation. [Citations.]"

We will apply the Illinois standard in considering this contention. Defendant urges incompetence in that trial counsel permitted the State to lead its witnesses without objection, presented a perfunctory opening statement, did not object to improper closing argument by the prosecutor

and emphasized the consistency and strength of the testimony of the complaining witness. However, there is a great deal of difference in conducting a trial before a jury and reading a record of that same trial. It is far more difficult to reach a decision in a split second during the heat of combat than it is to analyze a situation in the unhurried comfort of the lawyer's office long after the trial is over.

■■ We have carefully read the entire record before us. We have concluded that the points raised by appellate counsel in the instant case are simply matters of trial tactics at best. We agree completely with the statement by the learned trial judge that the services rendered by trial counsel in the case at bar "not only at the trial, at the pretrial stages were clearly performed in a competent manner."

We cannot forget the important part of the test. To demonstrate incompetence of counsel a defendant must show not only incompetence but also substantial prejudice from the alleged incompetence "without which the result of the trial would probably have been different." *Greer*, 79 Ill. 2d 103, 121. See also *Carlson*, 79 Ill. 2d 564, 584-85.

In the case at bar, defendant's trial counsel was indeed required to make the proverbial bricks without straw. The evidence here was truly overwhelming. As shown, the testimony by the complaining witness was strongly corroborated by the evidence supplied by the police and by many of the surrounding circumstances. The trial counsel was indeed faced with a dilemma in cross-examining the officer and the defendant. As a matter of trial tactics he may well have felt that refusing to ask any questions was tantamount to a confession of guilt. Therefore, counsel put his best foot forward and asked reasonable questions on cross-examination. Also, defendant's previous criminal record made it virtually impossible for him to take the stand in his own defense.

In our opinion under the circumstances here, these points and arguments raised by appellate counsel do not show incompetence. At best we have here only "errors in judgment or trial strategy" (*Murphy*, 72 Ill. 2d 421, 437) or, as a matter of hindsight, possibly "poor judgment" which "does not amount to the incompetence required by our decisions * * *" (*People v. Adkisson* (1980), 83 Ill. 2d 1, 9, 413 N.E.2d 1238). We reject defendant's argument regarding alleged incompetence of trial counsel.

### III

No issue was raised by defendant regarding the effectiveness and sufficiency of his legal representation until after verdict. On July 11, 1980, in open court, defendant filed his pro se motion for acquittal or for a new trial. The motion contains three subdivisions. Points 1 and 2 are based upon the alleged insufficiency of the evidence. Point 3 states the trial court failed to provide defendant "adequate representation of counsel" in

accordance with the constitution; defendant's counsel presented an impromptu defense; counsel failed to investigate and consult with defendant in preparation; and that defendant spoke with his appointed attorney only "five minutes before trial." In addition, a written motion for new trial was filed by trial counsel.

At the hearing the trial judge denied the motion for new trial filed by counsel. The trial judge then asked defendant if he wished to argue in support of his pro se motion. Defendant told the court that the attorney did not act in his defense but let the witnesses perjure themselves. Defendant stated his trial counsel did not confront the witnesses with lies which appeared from the preliminary hearing. Defendant therefore stated he had received no defense at all.

The trial judge stated from his own observation that the allegation in the pro se motion that defendant had only spoken with trial counsel for five minutes "does not accurately state the facts as observed by this Court." The trial judge stated he knew from his own knowledge that trial counsel had conferred with the defendant "for considerably greater periods of time than alleged in this Motion."

Defendant then responded that the attorney had only spoken to him about a plea of guilty. The trial court asked if there was any further argument. Defendant responded that the police report showed the complaining witness had lied about how he got the license number and in stating he was not intoxicated when the police report showed he was intoxicated. The trial judge then denied the pro se motion and proceeded to hearing on the sentence.

It is the theory of defendant's present counsel that trial counsel should have been replaced and the trial judge should have appointed another attorney to represent defendant at the sentence hearing. Defendant overlooks the fact that his pro se motion was patently insufficient to raise an issue regarding the competency of trial counsel. As shown, the motion states pure conclusions except for one factual statement which was rejected as contrary to the knowledge of the trial judge.

There is no doubt that the hearing on the sentence is a critical stage of the proceeding. A felony defendant in this situation has the right to legal representation by counsel of his own choice. (*People v. Payne* (1970), 46 Ill. 2d 585, 587, 264 N.E.2d 167.) However, this right is not without reasonable limitation. (*People v. Friedman* (1980), 79 Ill. 2d 341, 349, 403 N.E.2d 229.) To permit every defendant in every case to change counsel without good cause would result in judicial chaos. Therefore, the rule has necessarily evolved that cases of this type must each be carefully considered with due regard for the facts involved. Then, it is necessary to classify each particular case as either a legitimate exercise of a constitutional right or as an unnecessary exercise in futility. As we would expect, the matter is one

which is left to the sound judicial discretion of the trial court. See *People v. Langdon* (1979), 73 Ill. App. 3d 881, 888-89, 392 N.E.2d 142.

The case before us does not present a per se conflict of interest. It is actually a situation in which a defendant is attempting to experiment with appointed counsel to the detriment of the orderly process of law. (See *People v. Finley* (1978), 63 Ill. App. 3d 95, 104, 379 N.E.2d 645, and cases there cited.) The defendant here has raised a claim of ineffective counsel which is recognized as patently inadequate by the trial judge and by this court. The situation thus differs vastly from a case in which there is a recognizable per se conflict of interest which is deemed to prevent a fair hearing. See *People v. Gustafson* (1979), 75 Ill. App. 3d 497, 501-02, 393 N.E.2d 1315.

In the case before us, the hearing on the sentence was fair in all respects. This is best evidenced by the most reasonable result of a sentence of eight years for armed robbery as applied to a defendant whose criminal record can certainly not be described as unblemished. This is particularly true when we consider the overwhelming strength of the evidence of guilt.

Defendant cites four authorities which, in our opinion, have no bearing here:

*People v. Smith* (1967), 37 Ill. 2d 622, 230 N.E.2d 169. Defendant's pro se petition alleged his trial counsel, an assistant public defender, was incompetent. The court appointed the public defender of Cook County to represent defendant in post-trial proceedings. The supreme court held there was a conflict of interest which should be avoided and the conviction was reversed. However, more recent cases have rejected a per se rule for disqualification as applied in *Smith*. (See *People v. Miller* (1980), 79 Ill. 2d 454, 461-62, 404 N.E.2d 199; *People v. Robinson* (1979), 79 Ill. 2d 147, 158-59, 402 N.E.2d 157; *People v. Walton* (1979), 78 Ill. 2d 197, 200, 399 N.E.2d 588.) These authorities and *Smith* are commented upon in *People v. Neely* (1980), 85 Ill. App. 3d 1016, 407 N.E.2d 814. We will add that *Smith* presents a situation entirely different from the case at bar.

The same comments apply to *People v. Freeman* (1977), 55 Ill. App. 3d 1000, 371 N.E.2d 863, and *People v. Norris* (1977), 46 Ill. App. 3d 536, 361 N.E.2d 105, also cited by defendant.

■■ *People v. Fields* (1980), 88 Ill. App. 3d 821, 410 N.E.2d 1178. The presentence report contained a statement by defendant criticizing his appointed trial attorney for allegedly failing to call certain witnesses as requested by defendant. A pro se request was made on the ground of incompetency of counsel. This court held that the trial judge should have appointed other counsel and his failure so to do had placed upon the trial attorney the duty of attacking his own professional reputation. In the case

before us, as shown, the pro se motion for new trial was factually insufficient to raise any viable point. It was denied by the trial judge prior to the commencement of the sentence hearing. We see no prejudice to defendant in this regard.

## IV

Defendant's final contention is that the trial court should have conducted a hearing on the issue of incompetence of defense counsel where the claim of incompetency was based upon matters not apparent from the record. The short answer to this contention lies in the insufficiency of the pro se motion. This motion presents pure conclusions as distinguished from facts except for the single statement regarding "five minutes." As shown, the trial court was able to pass upon this single factual allegation from his own personal knowledge. Patently any hearing on this motion was unnecessary and would have accomplished nothing.

This situation is far different from *People v. Dzielski* (1970), 130 Ill. App. 2d 581, 586, 264 N.E.2d 426, cited by defendant. There, the post-trial motion alleged "the guilty plea had been obtained by virtue of an unfulfilled promise of the State to recommend probation for the defendant." *People v. Adams* (1979), 74 Ill. App. 3d 727, 393 N.E.2d 658 and *People v. Black* (1977), 55 Ill. App. 3d 417, 371 N.E.2d 71, also cited by defendant, both cite and depend upon *Norris*, 46 Ill. App. 3d 536, and *Freeman*, 55 Ill. App. 3d 1000, above considered and differentiated.

■■ Defendant urges a hearing would have demonstrated the availability of impeaching evidence in the police reports and the transcript of the preliminary hearing. The preliminary hearing transcript was available to trial counsel and was used by him in cross-examination. The police report, which is before us as a supplemental record, was known to trial counsel. This report does not show the complaining witness was intoxicated. On the contrary, there is no space on the report for an indication of intoxication. There are two small boxes concerning sobriety of the victim. The box designated "Sober" is untouched. There is an "X" mark in the other box designated "had been drinking" (H.B.D.). This information would seem to have no materiality to the case before us. Impeachment on immaterial matters is improper. See *Marut v. Costello* (1966), 34 Ill. 2d 125, 128, 214 N.E.2d 768.

We find no merit to the contentions of defendant and the judgment appealed from is accordingly affirmed.

Judgment affirmed.

McGLOON and O'CONNOR, JJ., concur.