584

THE PEOPLE OF THE STATE OF ILLINOIS, Respondent-Appellee, v.
HARVEY L. MORROW, Petitioner-Appellant.

First District (1st Division)   No. 82—2178

Opinion filed April 15, 1985.

Deborah Liebow, of State Appellate Defender's Office, of Chicago, for
appellant.

Richard M. Daley, State's Attorney, of Chicago (Michael E. Shabat and
Kevin M. Sheehan, Assistant State's Attorneys, of counsel), for the People.

JUSTICE O'CONNOR delivered the opinion of the court:

Petitioner, Harvey Morrow, was convicted of murder and at-
tempted rape. This court affirmed those convictions on January 7,
1984. Petitioner was represented in both proceedings by the Cook
County public defender. Petitioner subsequently filed a *pro se* post-
conviction petition, alleging ineffective assistance of counsel both at
trial and on appeal. Respondent filed a motion to dismiss the petition,
and the office of the public defender subsequently filed a motion to
appoint counsel other than the public defender due to the alleged con-
flict of interest caused by petitioner's assertions, which the trial court
denied. The record shows that petitioner was not present at this hear-
ing, nor was he present at a subsequent hearing on the State's motion
to dismiss, at which he was represented by a public defender other
than his trial or appellate counsel. At that time, petitioner's counsel
stated that he had consulted with petitioner several times in efforts to
ascertain the basis of petitioner's allegations. He further stated:

"I have read the transcript and I feel that the things [peti-
tioner] wants to raise have been covered by the Appellate
Court and it would be repetitious and I don't think it would fall

within the act."

The post-conviction petition was dismissed without further hearing.

Petitioner now appeals, claiming error in both the denial of the motion to appoint new counsel and in the dismissal of his petition. The facts before us are identical to those in *People v. Smith* (1967), 37 Ill. 2d 622, 230 N.E.2d 169, and, accordingly, we remand this cause for a new post-trial hearing on defendant's allegation of ineffective assistance of trial counsel.

In *Smith,* petitioner filed a *pro se* petition alleging that his counsel at trial, an assistant public defender, was incompetent for various assigned reasons. Upon the filing of his petition, the trial court appointed a public defender to represent petitioner in the post-conviction proceedings. Thereafter, petitioner moved to vacate the appointment and for the appointment of counsel other than the public defender. Petitioner was represented at this hearing by a public defender other than the one who represented him at trial. At the court's request, counsel summarized the allegations contained in the post-conviction petition. Subsequently, without hearing additional evidence, the trial court denied the motion to appoint other counsel and dismissed the petition. The supreme court reversed, stating its belief that an inherent conflict-of-interest situation for the public defender's office arose under the circumstances presented, where a representative from that office was required to present a petitioner's cause which was based in part upon charges of incompetent representation at trial by the public defender. The court went on to hold that such circumstances should be avoided by the appointment of counsel other than the public defender to represent petitioner at a new hearing on his petition. *People v. Smith* (1967), 37 Ill. 2d 622, 624.

The State cites subsequent decisions in which the supreme court has rejected a *"per se* rule" disqualifying an entire public defender's office in situations where one of its members is confronted with a conflict of interest, and has prescribed a case-by-case inquiry designed to determine whether any facts peculiar to the case preclude the representation of competing interests by separate members of the public defender's office. (*People v. Robinson* (1979), 79 Ill. 2d 147, 402 N.E.2d 157; *People v. Walton* (1979), 78 Ill. 2d 197, 399 N.E.2d 588; see also, *People v. Neely* (1980), 85 Ill. App. 3d 1016, 407 N.E.2d 814.) These cases are inapposite on their facts, however, and do not overrule the clear holding of *People v. Smith* (see *People v. Walton* (1979), 78 Ill. 2d 197, 201). Further, we believe that the court's rationale in *Smith* has been reaffirmed by its most recent pronouncement in *People v. Krankel* (1984), 102 Ill. 2d 181, 464 N.E.2d 1045, where it was

held that when a post-trial hearing is to be conducted on a defendant's allegation that his trial counsel was ineffective, counsel other than his originally appointed counsel should be appointed to represent him at the hearing. Accord, *People v. Simpson* (1984), 129 Ill. App. 3d 822.

Based on the foregoing, we reverse the dismissal of petitioner's *pro se* petition and remand the cause for a new hearing with appointed counsel other than the public defender's office.

Reversed and remanded with directions.

McGLOON, P.J., and CAMPBELL, J., concur.