THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. VICTOR EDWARDS, Defendant-Appellant.

First District (4th Division)   No. 84—1781

Opinion filed August 28, 1986.

Steven Clark and Jeffrey Walker, both of State Appellate Defender's Office, of Chicago, for appellant.

Richard M. Daley, State's Attorney, of Chicago (Joan S. Cherry, Mary Ellen Dienes, and Lynn M. Egan, Assistant State's Attorneys, of counsel), for the People.

JUSTICE McMORROW delivered the opinion of the court:

Defendant, Victor Edwards, appeals from the trial court's dismissal of his petition for post-conviction relief pursuant to the Illinois Post-Conviction Hearing Act (PCHA). (Ill. Rev. Stat. 1985, ch. 38, par. 122—1 *et seq.*) Defendant raises the following issues for our review: (1) whether the trial court judge who accepted defendant's plea of guilty erred in presiding over the proceedings related to defendant's post-conviction petition, contrary to section 122—8 of the PCHA (Ill. Rev. Stat. 1985, ch. 38, par. 122—8); (2) whether defendant was denied effective assistance of counsel where he was represented by a member of the Cook County public defender's office during both his plea of guilty and the subsequent proceedings on his post-conviction petition; (3) whether defendant was denied effective assistance of counsel where he was represented by the same member of the Cook County public defender's office during both his plea of guilty and his subsequent motion to withdraw his plea of guilty; and (4) whether the trial court's denial

denial of defendant's motion to withdraw his plea of guilty should be reversed due to noncompliance with Supreme Court Rule 604(d) (103 Ill. 2d R. 604(d)).

For the reasons set forth more fully below, we reverse the dismissal of defendant's post-conviction petition and remand the cause for further proceedings wherein defendant will be represented by counsel other than the public defender of Cook County.

BACKGROUND

On April 27, 1982, defendant pleaded guilty to one count of aggravated kidnaping, one count of rape, one count of deviate sexual assault, and four counts of armed robbery. (Ill. Rev. Stat. 1981, ch. 38, pars. 10—2, 11—1, 11—3, 18—2.) Defendant was represented by an assistant Public Defender at the guilty plea hearing. Following the trial court's admonition to the defendant of the consequences of his plea and the presentation of a stipulated factual basis for the plea, defendant was found guilty of these charges. After considering matters both in aggravation and mitigation, the trial court sentenced defendant to concurrent terms of 20 years' incarceration for each offense.

On October 25, 1982, the trial court conducted a hearing on defendant's motion to withdraw his guilty plea. The same assistant public defender who represented defendant during the guilty plea hearing was again appointed to represent defendant. The court noted that the motion to vacate the guilty plea had been filed on October 20, 1982, and denied the motion as untimely filed.

On October 6, 1983, defendant filed a *pro se* petition for post-conviction relief, alleging that he had been deprived of effective assistance of counsel with respect to his plea of guilty. Defendant requested that he be represented by counsel other than the public defender. The half sheet reflects that the cause was docketed on October 18, 1983, and assigned to the trial court judge who had accepted defendant's plea of guilty. On November 10, 1983, the court denied defendant's request for counsel other than the public defender.

Defendant was represented in the post-conviction proceedings by an assistant public defender other than the one who had represented defendant during the guilty plea and motion to vacate hearings. On June 26, 1984, this assistant public defender obtained leave of court to file a certificate pursuant to Supreme Court Rule 651(c) (103 Ill. 2d R. 651(c)). The certificate represented that defendant had been consulted by counsel to ascertain the factual basis for his post-conviction contentions, that the transcript of the April 27, 1982, guilty plea hearing had been examined by counsel and that defendant's *pro se* petition ade-

quately presented that basis of defendant's claims of constitutional violations. During the proceedings on June 26, the assistant public defender requested an evidentiary hearing based upon the allegations of defendant's petition and the fact that defendant had received a commendation for heroism in 1974 which had not been brought to the trial court's attention when it sentenced defendant. After considering the arguments advanced by the State and the defendant, the court granted the State's motion to dismiss the petition without an evidentiary hearing. Defendant's appeal from the dismissal of his post-conviction petition followed.

OPINION

## I

■ Defendant contends that the trial court judge erred in dismissing his post-conviction petition because the same judge had previously presided over the proceedings which resulted in defendant's convictions. Defendant contends that this procedure was contrary to the requirements of section 122—8 of the PCHA (Ill. Rev. Stat. 1985, ch. 38, par. 122—8), and requires reversal and remandment so that his petition may be assigned to a different judge. However, the Illinois Supreme Court has recently held section 122—8 unconstitutional as violative of the separation-of-powers clause of the Illinois Constitution of 1970. (Ill. Const. 1970, art. II, sec. 1; *People v. Joseph* (1986), 113 Ill. 2d 36.) Since section 122—8 has been held unconstitutional, we conclude that the trial court judge did not err in presiding over the proceedings relating to defendant's post-conviction petition.

## II

Defendant argues that the trial court erred when it appointed an assistant public defender to represent defendant during the post-conviction proceedings and denied his request for the appointment of counsel other than the public defender. Specifically, defendant contends that since his post-conviction petition challenged the adequacy of his representation by an assistant public defender during the guilty plea hearing, the appointment of another assistant public defender created a conflict of interest that deprived him of effective assistance of counsel at the hearing to dismiss his post-conviction petition.

■ Although the Illinois Supreme Court has applied a *per se* rule disqualifying all attorneys employed in a law firm if one attorney is impaired by a conflict of interest (*People v. Stoval* (1968), 40 Ill. 2d 109, 239 N.E.2d 441), the court has held that "the disqualification of

one public defender will not necessarily disqualify all members of that office. [Citations.]" *(People v. Free* (1986), 112 Ill. 2d 154, 167, 492 N.E.2d 1269.) Reasoning that society's need for experienced criminal-defense attorneys outweighs the risk that an attorney employed by the public defender's office will compromise his professional responsibility to his client in favor of the interests of his employer, the court has rejected the view that the individual attorneys of all public defender's offices are members of an entity subject to automatic disqualification if one attorney suffers a conflict of interest. *(People v. Nelson* (1980), 82 Ill. 2d 67, 73, 411 N.E.2d 261; *People v. Robinson* (1979), 79 Ill. 2d 147, 158-59, 402 N.E.2d 157.) Instead, where the public defender's office is not similar to a private law firm in terms of organization and structure, the court applies a case-by-case examination to determine "whether any facts peculiar to the case preclude the representation of competing interests by separate members of the public defender's office. [Citation.]" *People v. Miller* (1980), 79 Ill. 2d 454, 462, 404 N.E.2d 199; see also *People v. Coates* (1985), 109 Ill. 2d 431, 438, 488 N.E.2d 247, *cert. denied* (1986), 475 U.S. 1088, 89 L. Ed. 2d 729, 106 S. Ct. 1474; *People v. Robinson* (1979), 79 Ill. 2d 147, 402 N.E.2d 261.

Consistent with this case-by-case analysis, the court has held that the appointment of the public defender's office to represent a defendant in a post-conviction proceeding raises an actual conflict of interest where the defendant contends that the assistant public defender who represented him at trial did not provide effective assistance of counsel. *(People v. Smith* (1967), 37 Ill. 2d 622, 230 N.E.2d 169.) The court has recognized that such a situation presents a "very real" conflict in the attorney's professional obligations *(People v. Walton* (1979), 78 Ill. 2d 197, 201, 399 N.E.2d 588), since the public defender would have a "natural inclination" to defend against a claim of incompetence which is inconsistent with "its duty as an advocate *** to aid [the defendant] in establishing the veracity of these charges." *People v. Smith* (1967), 37 Ill. 2d 622, 624, 230 N.E.2d 169.

■ Defendant's post-conviction petition alleged that he had been denied effective assistance of counsel with respect to the legal representation he received when he pleaded guilty. In his motion to vacate the guilty plea, defendant alleged that the assistant public defender had not effectively represented the defendant prior to the entry of his guilty plea. Defendant was represented by the same assistant public defender at both the guilty plea hearing and the hearing to vacate that plea. The transcript shows that the assistant public defender did not argue to the trial court the substantive merit of the defendant's motion. Based upon this record, the assistant public defender who repre-

sented defendant with respect to his post-conviction petition was obliged to contend that the conduct of defendant's prior assistant public defender amounted to ineffective assistance of counsel. (See *People v. Willis* (1985), 134 Ill. App. 3d 123, 479 N.E.2d 1184; *People v. Morguez* (1980), 90 Ill. App. 3d 471, 413 N.E.2d 128, *appeal denied* (1981), 83 Ill. 2d 573; *People v. Brownell* (1980), 86 Ill. App. 3d 697, 408 N.E.2d 304, *appeal denied* (1980), 81 Ill. 2d 603.) Under these circumstances, we determine that the trial court erred in its denial of defendant's motion for appointment of counsel other than the public defender to represent defendant in the post-conviction proceeding, and in its dismissal of defendant's post-conviction petition. (See *People v. Smith* (1967), 37 Ill. 2d 622, 230 N.E.2d 169; *People v. Morrow* (1985), 132 Ill. App. 3d 584, 478 N.E.2d 25.) Accordingly, we reverse the court's order that dismissed defendant's post-conviction petition, and remand the cause to the circuit court with instructions to appoint counsel other than the public defender to represent defendant at further proceedings upon his post-conviction petition. We note that the same issue that is presented in the instant case is currently pending before the Illinois Supreme Court in *People v. Banks* (1986), 112 Ill. 2d 560, *People v. Duquaine* (1986), 112 Ill. 2d 563, and *People v. Blakes* (1986), 112 Ill. 2d 560, which have been consolidated on appeal.

III, IV

■ Defendant contends that the trial court erred in denying his motion to vacate his guilty plea because defendant was represented by the same assistant public defender who had represented him during the guilty plea hearing. Defendant also claims that reversal is required because defense counsel failed to comply with the requirements of Supreme Court Rule 604(d) (103 Ill. 2d R. 604(d)). Because these arguments form part of the defendant's basis for his request for post-conviction relief which the trial court will consider on remand, we decline to address these questions in the instant appeal.

For the reasons set forth above, the order of the circuit court of Cook County dismissing defendant's post-conviction petition is reversed, and the cause is remanded for further proceedings wherein defendant is represented by counsel other than the public defender, consistent with the views expressed herein.

Reversed and remanded.

LINN, P.J., and JOHNSON, J., concur.