THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. BOOKER T. BLAKES, Defendant-Appellant.

Third District   No. 3—84—0191

Rule 23 order entered November 30, 1984.—Opinion filed and rehearing denied April 30, 1985.

STOUDER, J., dissenting.

Robert Agostinelli and Frank W. Ralph, both of State Appellate Defender's Office, of Ottawa, for appellant.

John A. Barra, State's Attorney, of Peoria (John X. Breslin and John M. Wood, both of State's Attorneys Appellate Service Commission, of counsel), for the People.

JUSTICE HEIPLE delivered the opinion of the court:

The defendant, Booker T. Blakes, appeals from a jury verdict finding him guilty of unlawful use of weapons. At the conclusion of the State's rebuttal evidence, the defendant advised the court that he did not feel that his attorney, an assistant public defender, was competently representing him. The trial judge discharged defense counsel at defendant's request. Another assistant public defender was appointed to prepare and argue a post-trial motion. The motion specifically alleged the ineffectiveness of defendant's trial counsel. On appeal, the

defendant argues that the appointment of an assistant public defender to argue the incompetency of another public defender from the same office created a conflict of interest and constitutes reversible error.

■ The Illinois Supreme Court has held that a conflict of interest exists when a public defender is put in the position of arguing the incompetency of another public defender from the same office. (*People v. Smith* (1967), 37 Ill. 2d 622.) The court recognized the disadvantages and inequities which might arise out of the natural inclination of a public defender's office to protect its own reputation while at the same time trying to perform its duty as an advocate to aid the defendant in establishing his charge of incompetency.

■ However, the *Smith* rationale has been held not to apply where a public defender's office is decentralized and each defender operates as a separate entity. (*People v. Puckett* (1979), 70 Ill. App. 3d 743.) Because the defendant did not raise the conflict of interest issue in the trial court, the State had no reason to present evidence on the composition and character of the Peoria County public defender's office. Accordingly, we remand this cause to the circuit court for a supplemental hearing and preparation of an additional record as to the operation of the Peoria County public defender's office. *People v. Robinson* (1981), 102 Ill. App. 3d 1.

Cause remanded with directions.

BARRY, J., concurs.

JUSTICE STOUDER, dissenting:
I disagree with the views of my colleagues, which recall the decision previously filed in this appeal and remand the case for a further hearing in the circuit court. I would adhere to our previous decision unanimously adopted, and I would .deny both the petition of the defendant and that of the State for a rehearing. In our former decision we held that where the competency of trial counsel, an assistant public defender, was raised during the trial and at the post-trial motion stage justifying the appointment of other counsel, a conflict of interest arose when the trial court appointed another assistant public defender to represent the defendant in the assertion of his claims of incompetence of another assistant public defender.

While the majority of the court has not approved the action of the trial court, it has assumed, based on *People v. Puckett* (1979), 70 Ill. App. 3d 743, 388 N.E.2d 1293, that the defender's office can be so organized and function in such a manner that no conflict exists where

one assistant is called upon to assert the incompetence of another assistant. While the reasoning of *Puckett* on first reading seems attractive, since it avoids the cost to the county of providing other counsel, this ought not to be the major rule for adopting the policy promoted by *Puckett*.

*People v. Robinson* (1979), 79 Ill. 2d 147, 402 N.E.2d 157, decided at about the same time as the *Puckett* case but not mentioned in it, discusses and treats the public defender's office as a unitary operation. *Robinson* recognizes that one of the essential features of a county defender's office is the loyalty of its members to one another and to the organization, suggesting that, as in *People v. Smith* (1967), 37 Ill. 2d 622, 230 N.E.2d 169, the virtue of loyalty is compromised substantially if one member is charged with incompetence by another. Both the holding in *Puckett* and the reasoning of the majority present unresolved practical problems of such significance that I find it difficult to believe that charges of incompetence can be actively prosecuted by one member of the defender's office against another member.

In suggesting that perhaps there is no conflict between the interest of members of a county's public defender's staff, the most obvious difficulty in arriving at such a conclusion is that it is determined in a nonadversarial manner. Neither the county State's Attorney nor anyone in the county public defender's office has any interest in presenting and representing the view that the interests of assistant public defenders are by virtue of the organization of the office in conflict. Before the trial court, who asserts the unity of interest of all of the assistant defenders? Who asserts and describes the centralized administrative functions that take place? Who asserts and describes the cooperation between assistant public defenders? Who asserts and describes the advice and shop talk that is passed from one to the other as a result of day-to-day experience in the handling of local cases? Since there was no one in *Puckett* to raise these questions before the trial court, it is not unexpected that the trial court could and did find that each assistant defender was akin to a sole practitioner because it was asserted that each handled his own cases. Even if a public defender's office is organized and functions with a minimum of hierarchal or collegiant control, the question remains as to how the nature and extent of such organizational control is to be determined? Neither *Puckett* nor the majority offer any resolution of this problem, which is basic to the assertion that the defender's office can be organized in such a way that conflicts can not exist as a matter of law.

This brings me to the second problem, which exists even if one

could assume that somehow or other the general organization of the office does not as a matter of law create its own potential conflicts. Even if the office is so organized, generally would not the question of whether a conflict exists in a particular case still remain? Would the relationship or lack thereof among attorneys and administrative personnel have to be redetermined each time? Should the trial court be satisfied with the assertion by a newly appointed assistant public defender that he knew nothing of the case and, besides, he had no objection to insisting his fellow assistant public defender had bungled the case and was an incompetent attorney?

While it may be possible, it seems to me improbable and unlikely as a matter of human experience to expect a public defender's office to function effectively and harmoniously if the members of the office are expected to argue vigorously about the incompetence of others in the office. In the long run, neither the office nor the clients nor the county would be well served by such a situation.